EufuiN, J.
 

 Yery clearly, the declarations of William Davenport, were not substantive evidence of the plaintiff’s mental incapacity. They stood on the same ground with declarations made by any other person.
 

 We think, upon the other parts of the case^ that his Honor might well have left it to the jury to infer malice, and an evil motive throughout, from the want of probable cause — the utter groundlessness for the successive applications by the defendants for the proceedings in lunacy. But, wo suppose, as the testimony is not given, that it'was not necessary to submit the case in that point of view, to the jury; because the Court put the case on the ground of an express malicious and combined purpose in the defendants to pervert the proceedings in lunacy to effect the ends of unjustly harrassing the plaintiff, separating his grandson from him, and indirectly impeaching the validity of his will after death, instead of being
 
 bona fide,
 
 for the purpose of having due care taken of the person and property of one really incapable of managing his affairs. In such a case of real conspiracy to vex a person, who appears to be in no way a proper subject for such proceedings, the actors can in no degree be justified or excused by any professional advice; for such advice is only evidence to rebut the imputation of malice implied, and, therefore, does not palliate the wrong done upon an express and formal design to oppress, though done under color and pretense of such advice. It would be a reproach to the law, if such gross and repeated injuries, upon such unworthy motives, could not be redressed.
 

 PaR CueiaM, Judgment affirmed.