The only evidence upon which the plaintiff was arrested for forgery was that the plaintiff was assignee of a certificate of stock which Latham testified he had assigned to one Smith on the false representations of Smith, and that Thurber's name was not mentioned and he did not know at the time that he was transferring the stock to Thurber, though it so appears now on the back of the certificate. This was certainly not sufficient to justify a warrant for forgery being sued out against Thurber. The warrant was sued out by counsel acting on *Page 53 
behalf of this defendant. That criminal proceeding was instituted on such advice of counsel was only evidence to go to the jury to rebut the presumption of malice. Davenport v. Lynch, 51 N.C. 545; Smith v. B. L.Association, ante, 73. The court should have left it to the jury on the evidence to say whether the malice, which might be inferred from the want of probable cause, was rebutted by the other evidence.
Error.
Cited: S. c., 118 N.C. 130; Fleming v. McPhail, 121 N.C. 183; Smithv. Montague, ib., 94.
(77)