[S. F. No. 163.   Department Two.—June 2, 1896.]

## CATHERINE HOEFT, Respondent, v. SUPREME LODGE KNIGHTS OF HONOR et al., Appellants.

Demurrer — Power to Pass Judgment—Appeal — Presumption.—Although the court has no power to pass final judgment in a cause until a demurrer is disposed of, yet, where the record upon appeal from the judgment does not show that a demurrer interposed was not disposed of, it will be presumed against error that it was disposed of.

Id.— Demurrer Without Merit— Harmless Error.—Where the demurrer was without merit, any error in failing to pass upon it is without prejudice.

Benefit Association—Action Upon Certificate to Widow—Contest of Children—Interpleader—Regularity of Certificate—Admission by Association.—In an action against a benefit association upon a certificate issued to the widow of a deceased member, where the association paid the money into court and asked that the children of the deceased member be allowed to appear and contest, such action is an admission on the part of the association that the certificate sued upon was issued in accordance with its regulations, and that any failure of the insured member strictly to comply with all of its requirements and regulations in procuring the issuance of such certificate was waived by it; and denials by the children that the certificate was issued to plaintiff in accordance with such regulations, or that the insured complied with all of such requirements and regulations, raises no material issue.

Id.—Rights of Beneficiaries—Vested Interest—Expectancy—Revocation—Power of Insured to Change—Fraud of New Beneficiary.—Beneficiaries named in a policy taken out by a member of a benefit association, who has the power, by the rules of the association, to name or change the name of his beneficiaries, have no vested right or interest in the certificate, unless secured by contract, but have only a mere expectancy of an incompleted gift, which is revocable at the will of the insured, and which cannot become vested as a right until fixed by his death, and cannot be defrauded of that in which there is no vested right; and no law confers upon beneficiaries, having no vested interest by contract, any right to assail a change of beneficiaries by the insured on the alleged ground of fraud of the new beneficiary in procuring the certificate.

Id.—Acts of Insured Member — Equity.—As between beneficiaries making conflicting claims, equity will give complete effect to the acts of the insured member of a benefit association, and will not heed a demand to have those acts nullified.

Appeal from a judgment of the Superior Court of the City and County of San Francisco. Charles W. Slack, Judge.

*Scrivner & Schell,* for Appellants.

The court erred in granting the motion to strike out the answer, and for judgment upon the pleadings, as defendant's demurrer was never passed upon or disposed of, and ought to have been sustained. The amended answer denies several material allegations of the complaint, which required proof before plaintiff was entitled to judgment. Where the charter of a society specifies the manner or mode of designating or changing the beneficiary, those provisions must be strictly complied with. (*Jory* v. *Supreme Council,* 105 Cal. 20; 45 Am. St. Rep. 17; Niblack on Benefit Societies, 415; Bacon's Benefit Societies, 2d ed., secs. 307, 310; *Bankers' etc. Assn.* v. *Stapp,* 19 Am. St. Rep. 772, note; *Nudd* v. *Thompson,* 34 Cal. 39; *Hicks* v. *Lovell,* 64 Cal. 17; 49 Am. Rep. 679; *Ghirardelli* v. *McDermott,* 22 Cal. 539; *Botto* v. *Vandamant,* 67 Cal. 332; *Amador County* v. *Butterfield,* 51 Cal. 526; *Greenbaum* v. *Turrill,* 57 Cal. 285; *Arata* v. *Tellurium etc. Co.,* 65 Cal. 340; *Swain* v. *Burnette,* 76 Cal. 300; *Jackson* v. *Lebar,* 53 Cal. 259.) The new matter set up in the amended answer constitutes an equitable defense upon which defendants are entitled to be heard. Equity will grant relief to beneficiaries who were by fraud, undue influence, and coercion, deprived of their rights under a certificate made payable to them. (*Jory* v. *Supreme Council, supra;* Bacon's Benefit Societies, sec. 310; *Keener* v. *Grand Lodge,* 38 Mo. App. 543.)

*Boyd, Fifield, & Hoburg,* for Respondent.

Where an answer presents nothing, either by way of denial or new matter, to bar or defeat an action, the plaintiff may apply for judgment on the pleadings. (*Hemme* v. *Hays,* 55 Cal. 337–39; *Felch* v. *Beaudry,* 40 Cal. 441; *Young* v. *Miller,* 63 Cal. 302; *Green* v. *Robertson,* 64 Cal. 75; *Loveland* v. *Garner,* 74 Cal. 298; *Drew* v. *Pedlar,* 97 Cal. 443; 22 Am. St. Rep. 257; *De Toro* v. *Robinson,* 91 Cal. 373; *Evans* v. *Paige,* 102 Cal. 132; *Heydenfeldt* v. *Jacobs,* 107 Cal. 373; *McGowan* v. *Ford,*

107 Cal. 177.)   The objection that the demurrer to the complaint was not disposed of is not presented by the record, for the court will presume that it was disposed of in some way.   It does not appear that it was not disposed of.   The denials in the answer raised no material issue.   The change of benefit certificate having been actually made by the supreme lodge, and issued, and the money having been paid into court, the substituted defendants cannot be heard to allege that it was not issued in strict accordance with the regulations of the order.   (*Adams* v. *Grand Lodge etc.*, 105 Cal. 321–26; 45 Am. St. Rep. 45; *McLaughlin* v. *McLaughlin*, 104 Cal. 171–78; 43 Am. St. Rep. 83; *Martin* v. *Stubbings*, 126 Ill. 387; 9 Am. St. Rep. 620; *Thomas* v. *Thomas*, 131 N. Y. 205–10; 27 Am. St. Rep. 582; *Anthony* v. *Massachusetts etc. Assn.*, 158 Mass. 322; *Simcoke* v. *Grand Lodge*, 84 Iowa, 383; *Hanson* v. *Minnesota etc. Relief Assn.*, 59 Minn. 123.)   The same principle applies to the denial that the deceased had not complied with all the conditions of his contract.   The lodge waived this.   It is no objection that Hoeft did not sign the certificate in the blank space for his signature.   (*Luhrs* v. *Luhrs*, 123 N. Y. 367–74; 20 Am. St. Rep. 754.)   As the certificate in which the defendants were mentioned has been canceled by the only parties to it, the defendants, who had no vested interest in that contract, can no more be heard to allege that it was procured to be canceled by fraud than could any other total strangers to the transaction. (Niblack on Benefit Societies, secs. 166, 212–14, 219, 234 *a*, 243; Bacon on Benefit Societies, sec. 237; *Brown* v. *Grand Lodge etc.*, 80 Iowa, 287; 20 Am. St. Rep. 420; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep. 1; *Lamont* v. *Grand Lodge*, 31 Fed. Rep. 177; *Lamont* v. *Hotel Men's etc. Assn.*, 30 Fed. Rep. 817; *Gentry* v. *Supreme Lodge*, 23 Fed. Rep. 718; *Union Mut. Aid Soc.* v. *Montgomery*, 70 Mich. 587; 14 Am. St. Rep. 519; *Masonic etc. Soc.* v. *Burkhart*, 110 Ind. 189–92; *Hellenberg* v. *District No. 1*, 94 N. Y. 580; *Knights of Honor* v. *Watson*, 64 N. H. 517; *Appeal of Beatty*, 122 Pa. St. 428; *Martin* v.

*Stubbings, supra; Schillinger v. Boes,* 85 Ky. 357; *Swift v. San Francisco etc. Board,* 67 Cal. 567; *Order of Mutual Companions v. Griest,* 76 Cal. 494; *Bowman v. Moore,* 87 Cal. 306; *McLaughlin v. McLaughlin, supra.*)

HENSHAW, J.—Appeal from the judgment given in favor of plaintiff upon the pleadings.

Plaintiff, the widow of Henry Hoeft, sued defendant, a benefit association, to recover two thousand dollars upon a certificate issued in her name, at request of the insured member, Henry Hoeft. The defendant supreme lodge for answer paid the money into court, and asked that the children of Henry Hoeft be allowed to appear and contest. This was permitted, and the children—defendants and appellants herein—interposed a general demurrer to plaintiff's complaint, and thereafter filed an answer and cross-complaint. The court, upon motion, gave plaintiff judgment upon the pleadings, and this appeal followed.

1. The objection that the court had no power to pass judgment until it disposed of the demurrer is sound as a proposition of law, but untenable under this record. It does not appear that the demurrer was not disposed of, and, as error will not be presumed, it will be assumed that it was. Moreover, the demurrer was without merit. (*Loftus v. Fischer,* 106 Cal. 616.)

2. It is contended that the answer, by its denials, joined issue with plaintiff upon certain of her allegations, and that the issues were material, and required evidence for their determination. The denial that the certificate was issued to plaintiff in accordance with the regulations of the order is disposed of by the admission of the order that the certificate was actually issued, and by its payment into court of the money due thereunder. The regulations of the order are for its own protection, not for the protection of the beneficiaries, and the order has power to waive a strict compliance with them. It is not denied that the certificate to plaintiff was in fact issued. (*McLaughlin v. McLaughlin,* 104 Cal. 171; 43 Am.

St. Rep. 83; *Adams* v. *Grand Lodge*, 105 Cal. 321; 45 Am. St. Rep. 45; *Martin* v. *Stubbings*, 126 Ill. 387; 9 Am. St. Rep. 620; *Thomas* v. *Thomas*, 131 N. Y. 205; 27 Am. St. Rep. 582.) The principle enunciated disposes of all of the denials of the defendants which are similar, e. g., that the insured did not sign in the blank space left for his signature, and did not comply with *all* the requirements and regulations of the order in procuring the issuance of the certificate of plaintiff.

3. The principal question presented is raised by the new matter pleaded by defendants in their cross-complaint. They set forth that plaintiff is their stepmother. Originally their father—the insured—procured a certificate to be issued in the name of their mother, his then wife. Upon her death a certificate was issued in their favor. In the course of time he married plaintiff, and thereafter surrendered the certificate in favor of them, and caused the certificate, under which plaintiff claims, to be issued to her. The last change, it is averred, was accomplished through the fraudulent representations, undue influence, coercion, and duress practiced and exercised upon their father by his wife, this plaintiff. The specific averments to support this charge are to the last degree meager and inconclusive, but passing that, under an assumption of their sufficiency we come to consider whether a cause of action is stated. If so, the judgment must be reversed; if not, it was properly given.

Defendants do not plead any contract with their deceased father, or any special equities which would deprive him of the right to make a change, but stand upon the ground that they may contest because the change was procured by fraud. But if it was a fraud, did they have a right to complain? Clearly they had not unless either by contract or in law they had some vested interest or right in the certificate which had formerly been taken out in their favor. They claim no such vested interest by contract. If it exists at all, then, it exists by operation of law. But such rights are

either constitutional or statutory, and we are referred
to no law which secures to them a right of action for
such a cause.   If they had a vested right in the certifi-
cate as such, then the insured himself of his own voli-
tion, and without the fraudulent contrivance of a third
person, could not substitute a new beneficiary.   But this
is not, and cannot be claimed, for the contract is be-
tween the order and the insured.   The beneficiary's
interest is the mere expectancy of an incompleted gift
which is revocable at the will of the insured, and which
does not and cannot become vested as a right until fixed
by his death.   If it is said that a devisee under a will
has, during the life of the testator, a like naked expect-
ancy, it may be freely conceded that it is so; but to the
heirs and devisees is confirmed a right of action for
fraud, etc., by the provisions of the code.   Otherwise
they, too, would come within the scope of the general
principle that a right of action for fraud is personal and
untransferable.   One cannot be defrauded of that in
which he has no vested right.   A vested right is prop-
erty which the law protects, while a mere expectancy is
not property, and therefore is not protected.

These views will be found supported without conflict
by a multitude of authorities from which may be cited:
Niblack on Benefit Societies, 2d ed., sec. 234 *a; Brown*
v. *Grand Lodge*, 80 Iowa, 287; 20 Am. St. Rep. 420;
*Schillinger* v. *Boes*, 85 Ky. 357; *Robinson* v. *United States
etc. Assn.*, 68 Fed. Rep. 825; *Supreme Conclave* v. *Cap-
pella*, 41 Fed. Rep. 1; *Lamont* v. *Grand Lodge*, 31 Fed.
Rep. 177; *Knights of Honor* v. *Watson*, 64 N. H. 517;
*Appeal of Beatty*, 122 Pa. St. 428; *Martin* v. *Stubbings,
supra*. In our own state the cases of *Swift* v. *San Fran-
cisco etc. Bo* 67 Cal. 567, *Order etc.* v. *Griest*, 76 Cal.
494, *Bowman* v. *Moore*, 87 Cal. 306, and *McLaughlin* v. *Mc-
Laughlin, supra*, recognize the same general principles.

*Jory* v. *Supreme* uncil, 105 Cal. 30, 45 Am. St. Rep.
17, and the cases in lving a like consideration differ
radically from the case bar.   There is no conflict in
the decisions nor confus in the principles.   In the

Jory case the insured endeavored to change the beneficiary, and did everything possible to that end except to surrender the outstanding certificate. This he was prevented from doing by the fraud and contrivance of the beneficiary named therein, who refused to part with it. As between the two claimants to the fund, namely, the holder of the earlier certificate which the insured had in effect canceled, and the beneficiary last named, equity, not demanding impossibilities, and not permitting one to take advantage of his own wrong, decreed that the latter had the better right. In other words, it gave complete effect to the acts of the insured. In this case appellants ask to have the acts of the insured nullified—an essentially different demand.

The judgment appealed from is affirmed.

TEMPLE, J., and McFARLAND, J., concurred.