[Civ. No. 4056.   First Appellate District, Division One.—November 30, 1921.]

## EMMA ELDRED MAE SHOUDY, Appellant, v. JULIA SHOUDY, Respondent.

[1] LIFE INSURANCE—POLICY OF HUSBAND—WIFE AS BENEFICIARY—VESTED INTEREST—INSUFFICIENCY OF EVIDENCE.—A vested interest by the wife in a policy of insurance on the life of her husband, wherein she is named as beneficiary, is not established, so as to prevent the exercise by him of the right reserved in the policy to change the beneficiary, by his mere statement to her at the time of delivery of the policy while she was sick in a hospital and in the first stages of pregnancy that he had taken out the policy for her and in case there were any children it would be a protection in case anything went wrong with him.

[2] ID.—PAYMENT OF PREMIUMS—COMMUNITY FUNDS—VESTED INTEREST NOT ACQUIRED.—A wife does not acquire a vested interest in a policy of insurance upon the life of her husband wherein she is named as beneficiary by the mere fact that the payments of the premiums are made from the community funds.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

---

1. Vested interest of beneficiary in ordinary insurance policy, notes, 1 Ann. Cas. 684; 7 Ann. Cas. 1026; 11 Ann. Cas. 49; Ann. Cas. 1912B, 1144.

The facts are stated in the opinion of the court.

E. B. Mering and J. R. Gilbert, for Appellant.

Andrew F. Burke and John R. Tyrrell for Respondent.

THE COURT.—This case and that of the same title numbered 1, Civil No. 4055, *ante*, p. 344 [203 Pac. 433], decided in this court November 25, 1921, were tried together and the appeals are before us upon the same transcript. In the opinion filed in said last-mentioned case the circumstances preceding and giving rise to the litigation are set out in some detail, but are not necessary to be gone into upon the present appeal.

The plaintiff is the divorced wife of Dexter Shoudy, deceased, who in his lifetime took out a policy of life insurance with the Northern Life Insurance Company of Seattle for the sum of five thousand dollars, and made said plaintiff the beneficiary thereof, delivering said policy to her. It contained a provision giving to the assured the right to change the beneficiary named therein by indorsement made by the company on the face thereof. Marital difficulties having arisen between himself and his wife, Dexter Shoudy substituted his sister as the beneficiary in said policy, and later made a second change, this time in favor of the defendant, whom he subsequently married. At the time of Shoudy's death he had borrowed from the insurance company upon the security of the policy the sum of two thousand four hundred dollars, so that only the balance of two thousand six hundred dollars was payable thereon, which sum was in due course paid to the defendant, his widow, and was used by her in liquidating various debts incurred by the assured during the last year or two of his life.

The plaintiff brings this action against the defendant, basing it upon the claim that she had acquired a vested interest by contract in said policy of insurance by virtue of the facts that she had been made the beneficiary thereof, that Shoudy had delivered it to her, that he had promised that he would continue to pay the premiums thereon, and that a large proportion of the money used to pay the annual premiums on said policy was community property—or, at least, such payments having been made during coverture, their source must be presumed to be community funds.

[1] The trial court found against the existence of any vested right by contract in said policy in the plaintiff, and also found to be true certain facts pleaded by defendant as an estoppel in her favor, but which we do not deem necessary to refer to in detail, being satisfied of the correctness of the court's finding against the plaintiff's claim of a vested interest in said policy. It accordingly rendered judgment in the defendant's favor, from which the plaintiff has appealed, and urges here the same contentions as were made by her in the trial court.

The testimony introduced by plaintiff in support of her claim to a vested interest in the policy by contract is as follows: She was sick in a hospital and in the first stages of pregnancy. She there had a conversation with her husband, the substance of which she related in the following terms:

"Q. The question, Mrs. Shoudy, is what did you say and what did Mr. Shoudy say at the time the policy was delivered, or on or about that time, in reference to that policy?

"A. Well, he just said that he had taken out the insurance policy for me; he said that in case there were any children coming along he thought it would be a protec tion for the children and the family in case anything went wrong, and he didn't have any money at that time—just an ordinary conversation. That is all that I can remember."

This testimony falls far short of establishing in the plaintiff such a vested interest as would prevent the exercise by the assured of the right reserved to him in the policy of insurance to change the beneficiary thereof. (*Jory* v. *Supreme Council,* 105 Cal. 20 [45 Am. St. Rep. 17, 26 L. R. A. 733, 28 Pac. 524]; *Hoeft* v. *Supreme Lodge,* 113 Cal. 91 [33 L. R. A. 174, 45 Pac. 185].)

[2] Nor would the fact that a large proportion of the premiums was paid from community funds improve the plaintiff's position (and it may be remarked that there was no proof that such was the fact). (*Cade* v. *Head Camp,* 27 Wash. 218 [67 Pac. 603].) It has even been held that the payment of premiums from the separate funds of the beneficiary would not suffice to create a vested interest in

his behalf. (*Supreme Council* v. *Behrend,* 247 U. S. 394 [1 A. L. R. 966, 62 L. Ed. 1182, 38 Sup. Ct. Rep. 522].)

The sections of the Civil Code and authorities cited by appellant to the effect that a husband and wife are under the obligation of mutual support, and that they may contract with each other as to community and other property, have no determinative bearing upon the facts of this case.

Judgment affirmed.