No. 10,258.

COULTER *v.* COULTER, ET AL.

Decided April 2, 1923.

Action for damages for alienation of affection. Judgment of dismissal.

## *Reversed.*

1.  ACTIONS—*Nature of—Pleading.* It is neither important nor necessary for a plaintiff specifically to characterize the nature of his action. If he sets forth facts which entitle him to relief, it should be awarded, irrespective of the technical name of the action which he has instituted.

2.  PLEADING—*Alienation of Affection.* Allegations of a complaint alleging alienation of affection of a mother, reviewed and held not to state a cause of action. Whether an action for alienation of affection exists, except as growing out of or connected with the marriage relation, discussed, but not decided.

3.  MALICIOUS PROSECUTION—*Pleading.* Complaint reviewed, and the contention that a pleaded cause of action for malicious prosecution is defective as not stating that the suit alleged to have

been maliciously prosecuted terminated favorably to the plaintiff, overruled.

4. LUNATICS—*Court Procedure.* Under the provisions of chapter 118, S. L. 1915, concerning lunatics, all proceedings, judgments and orders, are of a continuing character and open to change or modification upon application to the court having original jurisdiction.

5. ACTIONS—*Abuse of Process—Pleading.* A pleaded cause of action reviewed and held not one for malicious prosecution, but for malicious and wrongful abuse of process. In such an action it is not necessary to allege or prove the termination of the proceeding.

6. PLEADING—*Damages—Commingling of Actions.* The inclusion in a pleaded cause of action for abuse of process, of allegations of malicious prosecution and false imprisonment, do not necessarily make the pleading bad, and if no seasonable objection is interposed, plaintiff may rely upon these other wrongs as elements of, or aggravation of damages.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. O. A. ERDMAN, for plaintiff in error.

Mr. FANCHER SARCHET, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendants' general demurrer to the complaint was sustained. Plaintiff stood by his pleading and the court dismissed his action. Two alleged causes of action are separately stated in the complaint: The first, defendants claim, is for alienation of affection; the second, for malicious prosecution.

In the first cause, it is alleged that the plaintiff is an unmarried man, sixty-two years of age, and for many years had been living with his mother in her home in Loveland, Colorado, in the full enjoyment of each other's society, esteem and affection; that defendants, wickedly contriving to injure plaintiff in the esteem and affection of his mother, entered into an unlawful conspiracy, whose object

was to bring about an estrangement and separation of mother and son, and to alienate the natural affection and destroy the esteem which the mother theretofore had for him; that in pursuance and in furtherance of the conspiracy, defendants by various artifices and persuasions, the exact nature of which are unknown to plaintiff, induced his mother to leave her home for an extended sojourn in the states of California and Oregon, which continued for about one year, and upon her return to Loveland defendants induced her to refrain from re-occupying her home with the plaintiff and induced her to go to the home of the defendants, Mr. and Mrs. Kempton, who resided in Loveland, and to make her home with them, where she has since lived; that one of the defendants, James M. Coulter, with the connivance, approval, and sanction and aid of the other three, made and filed a false affidavit in the county court of Larimer county, alleging therein, in substance, that the plaintiff was so insane or distracted in mind as to endanger his own person and property, and the person and property of others, and if allowed to go at large, by reason of his age, disease, weakness of mind and feebleness, incapable, as he was, unassisted, properly to manage his property and care for himself, he would likely be deceived and imposed upon by artful and designing persons; that the intent and purpose of the defendants, in causing this affidavit to be filed, was to procure by falsehood, deceit and fraud the incarceration of the plaintiff in the Colorado State Hospital for the Insane, and thereby to make permanent the estrangement and separation of plaintiff from his mother.

It is further alleged that the plaintiff has never at any time been insane or in the condition set forth in the affidavit, and that the defendants well knew, at the time the affidavit was made and filed, that it was false and fraudulent, nevertheless, by the use thereof and in connection with their wiles, arguments and persuasion, succeeded in causing plaintiff's mother to believe that he was insane and dangerous, and by continuing such wrongful acts they

have succeeded in poisoning her mind against him and have injured him in her esteem and affection, and have caused their separation and prevented plaintiff from enjoying her society, esteem and affection, and deprived him of his former home with all its comforts and advantages, all to his damage in the sum of $10,000.

The second cause of action, after alleging plaintiff's residence in Loveland, where he was a law-abiding citizen of good reputation and enjoying the esteem and good will of its citizens, sets forth that the defendants, wickedly contriving and intending to injure the plaintiff in the esteem and good will of these citizens, and to degrade, harass, and injure him, and cause his forcible removal from Loveland and his incarceration in an institution for the confinement of the insane, unlawfully and maliciously conspired together to accomplish such objects, and, in furtherance thereof, caused to be instituted a lunacy proceeding in the county court of Larimer county to determine plaintiff's mental condition and sanity, and prosecuted the same to a final conclusion; that in pursuance of this conspiracy, the defendant James M. Coulter, at the instigation and with the connivance of the other three defendants, made and filed in the county court of Larimer county, a false affidavit alleging the plaintiff to be insane, substantially, and in the same language as set forth in the first cause of action which need not be repeated here.

After denying that plaintiff was ever in such condition, it is further alleged that in pursuance, and in the effort to accomplish such conspiracy, the defendants procured to be issued out of the county court, an order directed to the sheriff of the county to take the plaintiff into custody, and, until the further order of the court, to confine him in the insane ward of the county jail of Larimer county; the order was executed by the sheriff and plaintiff was, for about the period of two days, confined and detained in the county jail pending the determination of the lunacy proceeding; that the defendants caused the county court to appoint two physicians to make inquiry into the matters

set forth in the false affidavit, and represented to the court that the case of the plaintiff was an aggravated one within the meaning of the statute, whereupon the court appointed an attorney at law residing in Loveland, as plaintiff's *guardian ad litem* and authorized the guardian to waive notice to the plaintiff of the time and place of the first session or meeting of the lunacy commission, and also defendants induced the *guardian ad litem* to waive such notice and make no demand for a hearing in court before a jury, the plaintiff, in the meantime, being confined in the county jail and not being present in court or given an opportunity to select counsel for himself; in further pursuance of the conspiracy, the defendants, by their false representations, induced the physicians to make a report to the court that the plaintiff was insane and in the condition alleged in the false affidavit, and defendants further caused such report to be presented to the county court, and, while the plaintiff was still absent, as stated, and in the county jail, and by means of the false affidavit and further fraudulent and unlawful acts, as already alleged, the defendants deceived and imposed upon, and procured from, the court an order approving the report of the physicians, and further thus procured from the court an order committing the plaintiff to the Colorado State Hospital for the Insane, to be there kept and confined as the law directs until properly discharged, and, in pursuance of the order, the plaintiff was taken by the sheriff and delivered to the superintendent of the hospital for confinement, as provided in the order, where plaintiff was kept confined for a period of about nine months, when he was paroled by the superintendent and committed to the custody of his sister; that by reason of the fraudulent acts, and in furtherance of the conspiracy of the defendants, plaintiff was prevented from choosing an attorney to represent him at the proceedings in the county court, and from demanding and obtaining a hearing by a jury until after he was paroled at the end of his confinement in the state hospital for a period of nine months; that thereafter

such further proceedings were had in such inquiry and in the proceedings in the county court of Larimer county, and upon demand of the plaintiff, by an attorney of his own selection; that the plaintiff was exonerated by a jury of the charges contained in such affidavit and the jury returned a verdict declaring the plaintiff not insane as theretofore charged in the affidavit, and upon the verdict of the jury so returned, the plaintiff was discharged by the court, and such proceeding was then and there finally terminated in his favor. Damages in the sum of about $13,000 are asked by the plaintiff. There was a third and fourth cause of action in the complaint, the third asking for exemplary damages under the first cause of action, and the fourth for exemplary damages under the second cause of action.

We have thus set forth the substance of the charging parts of the complaint as the best way to determine the questions presented. Evidently the same conspiracy, and most of the acts in pursuance thereof, are alleged in both causes of action. The damage, if any, which the plaintiff has suffered was caused by the acts done in furtherance of the alleged conspiracy. It is neither important nor necessary for a plaintiff specifically to characterize the nature of his action. If he sets forth facts which entitle him to relief, it should be awarded to him irrespective of the technical name of the action which he has instituted. In *Pullen v. Headberg,* 53 Colo. 502, 127 Pac. 954, this Court said that in a criminal prosecution for a conspiracy, the gist of the action is the conspiracy, but in civil cases, where the injured party asks damages as the result of the conspiracy, the gist of the action is the damages resulting from it, and not the conspiracy. The court further said that unless a civil action would lie against one of the conspirators, if the act was done by him alone, it will not lie against many acting in concert. The defendants say that there is an exception to this general rule, but as it is not material here, we do not consider it. Fairly considered, we think the first cause of action is not for damages that the

plaintiff suffered by the loss of support; but, if so, it lacks essential averments to bring the case within the protection of our statute. In this state, by statute, every poor person who shall be unable to earn a livelihood in consequence of any bodily infirmity, lunacy or unavoidable cause, is entitled to support by his father or mother and certain other relatives if they, or either of them, are of sufficient ability, and the county commissioners of the proper county are authorized in such cases to enforce this provision. The plaintiff, however, does not bring himself within the purview of this section. On the contrary, he does not pretend that he comes within the class of persons who are entitled to the provisions of the statute. There is no allegation that plainiff is a poor person, and he denies that he is a lunatic. It does not appear whether the mother or the plaintiff furnished the home and paid the expenses when they were living together. The only actionable element of damage alleged in the first cause of action, if any, is alienation of the mother's affection for the plaintiff, and their consequent separation. That a mother's love for her child can, or will, be changed, or that its constancy fails, when she is led to believe it is insane, is so opposed to human nature, and at variance with the experience of mankind, that one who attempts to state a cause of action based upon such a premise should do so by employing something besides vituperative words.

No authority has been brought to our attention that an action for alienation of affection exists, except as growing out of, or connected with, the marriage relation. In *Hamilton v. McNeill,* 150 Iowa, 470, 129 N. W. 480, Ann. Cas. 1912D, 604, it is said that such "cause of action is one which could arise only out of and by virtue of the marriage relation." It has also been said that the gist of an action for alienation of affections is the loss of the *consortium,* that is, the loss of conjugal fellowship, society, cooperation and aid of husband and wife, and that the alienation of affection is merely a matter of aggravation in such an action. *Dodge v. Rush,* 28 App. D. C. 149, 8 Ann.

Cas. 671. And it is also held that the refusal or discontinuance of a favor gives no cause of action. Cooley on Torts, (2nd ed.) p. 832. We withhold expression of opinion on these questions. It should be stated that, in view of the above mentioned section of our pauper act, we are not to be understood as holding that an adult may not have a cause of action thereunder, when, as the result of a conspiracy or otherwise, he has been deprived of support by his mother or other relatives, to which he is thereby entitled. We more readily reach the conclusion that the first cause of action is defective because every element of damage which the plaintiff has sustained, if any, may be recovered under the second cause of action.

The objection below and here to the second cause of action is, since it is one for malicious prosecution, there must be an allegation, *inter alia,* that the suit maliciously prosecuted terminated favorably to the plaintiff, hence the demurrer should be sustained because there is no such allegation. There are two sufficient answers to this contention. The first is, that, assuming the suit to be one for malicious prosecution, while there may be no direct allegation, either one way or the other, of its termination, yet, in legal effect, the complaint shows that the lunacy proceeding was finally disposed of by a judgment in favor of the plaintiff. It is true that plaintiff alleges that, as the result of the lunacy proceeding, he was committed to, and confined in, the State Hospital for the Insane for a period of about nine months. His pleading also alleges that subsequent to his parole by the superintendent of the hospital, he, through an attorney of his own selection, caused this same proceeding, in the same court, to be re-opened or further conducted, with the result that he was therein exonerated by a jury of the charges contained in this affidavit, that the jury returned a verdict declaring him not insane, and, upon the verdict, the county court issued an order discharging him from all matters alleged against him in defendants' affidavit. The defendants contend that such subsequent proceedings are entirely void and of no

legal effect, because only the superintendent of the insane asylum can discharge or release the plaintiff from a judgment of commitment. This court, however, *In re Rainbolt*, 64 Colo. 581, 172 Pac. 1068, held that, under the provisions of chapter 118, Sess. Laws 1915 (chapter 18, p. 337, Comp. Laws 1921), under which these lunacy proceedings were conducted, all proceedings, judgments and orders thereunder are of a continuing character, and open to change and modification on application of any party in interest in the court having original jurisdiction. In the Rainbolt case the order of commitment was "until the further order of the court". This court said that the county court, in so providing, had in mind that it might become necessary to leave the proceedings open; but whether that is "so or not, the case at all times would have been open for further action by the court to meet any exigency." It, therefore, appears from the allegations in the second cause of action that the lunacy proceeding was finally disposed of favorably to the plaintiff, and even if the action is one for malicious prosecution, the complaint was not defective for a lack of an averment of the termination of the suit favorably to the plaintiff.

The other answer is that the present action is not one for malicious prosecution, but for malicious and wrongful abuse of process in instituting these lunacy proceedings upon a false affidavit and for an atrocious purpose. In a suit for abuse of process, it is not necessary to allege or prove the termination of the suit or proceeding. *Grainger v. Hill.* 33 E. C. L. Rep. 675; *Boogher v. Hough,* 99 Mo. 183, 12 S. W. 524; *Sneeden v. Harris,* 109 N. C. 349, 13 S. E. 920, 14 L. R. A. 389; *Prough v. Entriken,* 11 Pa. 81; *Haldeman v. Martin,* 10 Pa. 369, 372; *Davenport v. Lynch,* 51 N. C. 545; *Smith v. Nippert,* 76 Wis. 86, 44 N. W. 846, 20 Am. St. Rep. 26; *Wildee v. McKee,* 111 Pa. 335, 2 Atl. 108, 56 Am. Rep. 271; *Antcliff v. June,* 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. Rep. 533.

We are not advised by plaintiff's counsel why he inserted in his complaint the two causes of action based upon the

identical wrongful acts. There is, in the second cause, a commingling of allegations pertinent to an action for malicious prosecution, and other allegations appropriate to an action for false imprisonment. This cause, being one for abuse and perversion of process, properly pleaded, is not necessarily made bad by the presence of such additional averments. No objection was made below to any supposed blending of several separate and independent causes of action in one statement or count of the complaint. It was plaintiff's privilege, if he saw fit, to forego suit for false imprisonment and malicious prosecution as independent causes of action, and, if suitable and seasonable objections were not taken by defendants, in this suit for abuse of process, to include and rely upon these other wrongs as elements of, or aggravation of, the damage he sustained for such abuse and perversion. *Sullivan v. Valiquette*, 66 Colo. 170, 180 Pac. 91.

The judgment, insofar as it sustained the demurrer to the first cause of action is affirmed, and reversed as to the ruling sustaining the demurrer to the second, and the cause is remanded with instructions to the district court that further proceedings, if any, be in accordance with the foregoing views, with leave to plaintiff to amend his complaint as he may be advised.