HILDA G. CHRISTIANSEN *vs.* ARTHUR DIXON & another.

Middlesex.   December 31, 1929. — May 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice*, Bill, Demurrer, Decree.

A demurrer, to a bill in equity which covered twenty-four pages of the printed record and also had several documents annexed to it and set forth allegations of misrepresentations as to material facts inducing the purchase of real estate by the plaintiff at discursive, argumentative and irrelevant length with detailed statements of facts and evidence, properly was sustained on the ground that the bill violated G. L. c. 214, § 12.

The demurrer in the suit above described stated numerous grounds. There were entered an interlocutory decree, sustaining the demurrer without indication of any particular ground on which such action was based, and a final decree dismissing the bill. *Held*, that

(1) The demurrer ought to have been sustained on certain grounds which in substance averred a violation of G. L. c. 214, § 12;

(2) The final decree should be modified so as to set out the grounds of demurrer sustained and that the bill was dismissed without prejudice.

BILL IN EQUITY, filed in the Superior Court on July 9, 1929, and described in the opinion.

The defendants demurred. The demurrer was heard by *Greenhalge*, J., and was sustained. A final decree was entered dismissing the bill. The plaintiff appealed.

*W. C. Marshall*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

RUGG, C.J. This is a suit in equity designed, as stated in the plaintiff's brief, "to secure reformation of a deed to certain real estate, or the cancellation and rescission of a written sales agreement and a deed to certain real estate, or other relief in equity." The defendants demurred to the bill on numerous grounds. The demurrer was simply sustained without indication of any particular ground on which that action was based. The plaintiff appealed from the order sustaining the demurrer and from a final decree dismissing the bill. The allegations of the bill are volumi-

nous. Among numerous causes of demurrer are those numbered seventeen and eighteen in the following language: "17. Because the bill is impertinent for gross prolixity contrary to the provisions of Section 12 of Chapter 214 of the General Laws. 18. Because the bill is so improperly verbose and grossly argumentative as to be incapable of direct and specific traverse of its material allegations by the defendants in their answers and they ought not in equity to be required to plead further to it."

It is provided by G. L. c. 214, § 12, that "The material facts and circumstances relied on by the plaintiff shall be stated briefly, and immaterial and irrelevant matters omitted." It is not necessary to set out at length the allegations of the bill. They cover about twenty-four pages of printed record beside which there are several documents annexed. They appear chiefly to be founded upon misrepresentations as to material facts inducing the purchase of real estate by the plaintiff. As matter of right chancery pleading the necessary allegations could have been made with comparative brevity. It is an imposition upon parties defendant and upon the court to set out at such discursive, argumentative and irrelevant length the grounds for relief and details of facts and evidence. The statute was designed to prevent any such pleading. This bill of complaint is obnoxious to the statute and in contravention of the rule of equity pleading thereby established. The bulk of this record would have been greatly reduced if the matters of which the plaintiff complains had been set out concisely and summarily. *Taylor v. Neal,* 260 Mass. 427, 439. The demurrer ought to have been sustained on grounds numbered seventeen and eighteen. The final decree ought to show that the bill was dismissed not on its merits and without prejudice. The final decree is to be modified so as to set out the grounds of demurrer sustained and that the bill is dismissed without prejudice, and as modified it is affirmed with costs.

*Ordered accordingly.*