EDWARD D. COLE *vs.* BERTHA R. COLE.

Worcester. September 22, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Pleading, Civil,* Declaration. *Unlawful Interference. Actionable Tort.*

A long declaration in an action of tort by a brother against his sister contained allegations in substance that the defendant had excluded the plaintiff from the house of the parties' mother and thereby had interfered intentionally with an agreement between the plaintiff and his mother providing for visits by the plaintiff to her at her home, the enjoyment of her hospitality by him, consultations between them and consideration by them of their mutual welfare; that the defendant had deprived the plaintiff and his mother of the benefits furnished by such natural and normal relationship and affection and had attempted to obtain from the mother a complete renunciation and rescission of the affection and agreement theretofore enjoyed and existing between her and the plaintiff; and that the plaintiff by the

defendant's acts had been deprived of his natural and contractual rights, to his great and special damage. *Held*, that a demurrer to the declaration properly was sustained on the grounds that it failed to set forth concisely and with substantial certainty the substantive facts necessary to constitute a cause of action, and that it did not contain any single, clear and distinct cause of action.

TORT. Writ dated September 17, 1930.

In the Superior Court, the defendant demurred. The demurrer was heard by *Whiting*, J., and was sustained upon the grounds stated in the opinion. The plaintiff appealed.

*C. E. Tupper*, for the plaintiff.

*G. H. Mason*, for the defendant.

SANDERSON, J. The defendant's demurrer to the plaintiff's declaration was sustained on the grounds that it failed to set forth concisely and with substantial certainty the substantive facts necessary to constitute the cause of action and that it did not contain any single, clear and distinct cause of action. The writ describes the action as sounding in tort.

The declaration states in substance that the plaintiff is a brother of the defendant; that by an agreement entered into between him and his mother within ten years last past, the plaintiff at the request of his mother promised and agreed to live near, consult with, and assist her at her home and visit her as often as convenient and whenever he could during the remainder of her life, in consideration of her promise to him to consult with him, consider the family affairs from time to time and their mutual welfare, keep the home where she was living maintained intact and open to him and his family with all the advantages which its hospitality could afford during her lifetime; that he enjoyed the most cordial relations with his mother until March, 1928; that she is an elderly woman, at that time being about eighty-four years of age, and is in possession of a large estate; that they had preserved the natural affection which normally exists between mother and son, and up to the date mentioned she had requested and insisted on his visiting her as often as he conveniently could and that he frequently visited her; that the defendant came to her mother's house in March,

1928, and immediately excluded the plaintiff from it; that his mother had the title to the property on which she lived, and since March, 1928, the defendant has continuously maintained and enforced the exclusion of the plaintiff, although she knew of the status, relationship and agreement; that the plaintiff had a right to see his mother pursuant to her request, and attempted to see her on different occasions when the defendant was in her house, but has been prevented from doing so by the defendant without justification; that his mother has been in a very weak mental condition because of sickness and has been under the complete domination of the defendant and in constant fear and dread of her displeasure; that although the defendant has said that his mother would not see him and did not wish to have him come to her house, the statements were made without authority and contrary to the mother's wishes; that the defendant intentionally and without just cause has invaded the plaintiff's rights, interfered with his agreement with his mother, and deprived him and her of the comfort, society, aid and assistance which such natural and normal relationship and affection furnish and afford, and has pursued this conduct for the purpose of depriving the plaintiff of any interest in the estate of his mother which by will or otherwise he might receive; that in consequence of depriving the plaintiff of the enjoyment of the fellowship and the understanding and agreement had with his mother, he has been greatly damaged; that the defendant has prejudiced the mind of his mother by misrepresentations and misstatements and has attempted to procure from her a complete renunciation and rescission of the affection and agreement hitherto enjoyed and existing between them; that although the plaintiff has diligently sought to maintain the status enjoyed and the contract existing between himself and his mother the defendant has invaded his rights and suspended the relationship between them without the consent of either of said parties; that in consequence of his being deprived of the right to see his mother he has been deprived of his natural and contractual rights, to his special and great damage.

The demurrer was rightly sustained upon the grounds

stated.  G. L. c. 231, § 7, Second.  *Frisbee* v. *Prussian National Ins. Co.* 223 Mass. 159, 161.  *Carney* v. *Proctor*, 237 Mass. 203, 205.  *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 37.  *Christiansen* v. *Dixon*, 271 Mass. 475.

*Order sustaining demurrer affirmed.*