TOBIAS POLLOCK *vs.* NEW ENGLAND TELEPHONE AND
TELEGRAPH COMPANY.

Suffolk. November 14, 1932. — January 28, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Pleading, Civil,* Declaration, Demurrer. *Contract,* For telephone serv-
ice. *Actionable Tort. Telephone Company. Negligence,* Of telephone
company.

On demurrer to a declaration, no intendment can be made in favor of
the plaintiff.
Allegations in the declaration in an action of contract against a telephone
company were in substance as follows: That the defendant was a pub-
lic service corporation supplying telephone service to subscribers at
rates set by it; that "a telephone, with the usual business service
attached thereto, was subscribed to by the plaintiff . . . and installed
by the defendant . . . for which the defendant charged, and the
plaintiff regularly paid, the billed monthly charges"; that "it was
the duty of the defendant to supply good and satisfactory instruments
and service"; that for a long time "the telephone was out of order,
and the service defective and unsatisfactory"; that "the defendant
. . . was notified of this defective and unsatisfactory service on nu-
merous occasions, but the defendant failed, neglected, and refused
to repair, improve, or put in order the said telephone and service,
and otherwise failed to perform its part of the contract, or to provide
satisfactory service, although requested by the plaintiff to do so,
and regular monthly payments for this service being made." Allega-
tions of damage followed. A demurrer was sustained. *Held,* that the
declaration did not satisfy the requirements of G. L. (Ter. Ed.) c. 231,
§ 7, Second, that it should state "concisely and with substantial cer-
tainty the substantive facts necessary to constitute the cause of action,"
in that there were no allegations of that character sufficient to show
that a contract was made between the plaintiff and the defendant;
and the demurrer rightly was sustained.
Allegations in the declaration in an action of tort against a telephone
company were in substance that "in pursuance of a contract the
defendant telephone company placed a business telephone in the prem-
ises of the plaintiff"; that "the said business telephone and its proper
functioning was important, necessary and essential in the manage-
ment and conduct of the plaintiff's business"; that "the defendant
. . . knew, or should have known of this"; that "the proper func-
tioning of said telephone with the service attached to it, was pe-
culiarly, solely and wholly in the defendant's control"; that "the
plaintiff paid the monthly billed charges for same"; that "the de-

fendant . . . carelessly and negligently caused or allowed the said telephone to become and to be out of order, and the service to be unsatisfactory and practically useless, so that said telephone and service did not properly function" for a long time; and that "although this condition was brought to the attention of the defendant company on numerous occasions, the defendant failed, neglected and refused to remedy this situation." Allegations of damage followed. A demurrer was sustained. *Held,* that

    (1) The basis of the plaintiff's cause of action in tort as a telephone subscriber was the defendant's failure to perform a contract between the parties;

    (2) The declaration did not set out such a contract "concisely and with substantial certainty" as required by G. L. (Ter. Ed.) c. 231, § 7, Second;

    (3) The demurrer rightly was sustained.

*Whether* a subscriber to service to be furnished by a telephone company in a proper case may maintain an action of tort against the company for negligent failure to supply the service required by his contract interpreted in the light of the public duty of the company, resulting in damage of a general character to his business, as was alleged in the declaration above described, or even resulting in personal injury or damage to specific property, was not decided.

CONTRACT OR TORT.    Writ dated March 13, 1930.

The declaration and a demurrer thereto are described in the opinion. In the Superior Court, the demurrer was sustained by *F. T. Hammond,* J. The plaintiff appealed.

*E. A. Hudson,* (*I. M. Libman* with him,) for the plaintiff.
*M. F. Weston,* for the defendant.

FIELD, J. This is an appeal from an order sustaining a demurrer to the declaration in an action of contract or tort. G. L. (Ter. Ed.) c. 231, § 96. *Morrill* v. *Crawford,* 278 Mass. 250, 252. The declaration is in two counts alleged to be for the same cause of action, the first count in contract, the second count in tort.

Allegations of the first count — in contract — include the following: "And the plaintiff says, that the plaintiff is, and for many years last past has been engaged in the coal business. . . . That the defendant is, and for many years past was a public service corporation, supplying telephone service to subscribers at rates set by it. That a telephone, with the usual business service attached thereto, was subscribed to by the plaintiff for the said business . . . and installed by the defendant, by its agents or servants, for which the defendant

charged, and the plaintiff regularly paid, the billed monthly charges. . . . That it was the duty of the defendant to supply good and satisfactory instruments and service. . . . That in fact, since on or about January 15, 1928, and for a long time thereafter, the telephone was out of order, and the service defective and unsatisfactory. That the defendant, by its agents or servants was notified of this defective and unsatisfactory service on numerous occasions, but the defendant failed, neglected, and refused to repair, improve, or put in order the said telephone and service, and otherwise failed to perform its part of the contract, or to provide satisfactory service, although requested by the plaintiff to do so, and regular monthly payments for this service being made."

Allegations of the second count — in tort — include the following: "And the plaintiff says that in pursuance of a contract the defendant telephone company placed a business telephone in the premises of the plaintiff . . . . That the said business telephone and its proper functioning was important, necessary and essential in the management and conduct of the plaintiff's business. That the defendant, its agents or servants, knew, or should have known this. That the proper functioning of said telephone with the service attached to it, was peculiarly, solely and wholly in the defendant's control. That the plaintiff paid the monthly billed charges for same. That the defendant, by its agents or servants, carelessly and negligently caused or allowed the said telephone to become and to be out of order, and the service to be unsatisfactory and practically useless, so that said telephone and service did not properly function from on or about January 15, 1928, and for a long time thereafter. That although this condition was brought to the attention of the defendant company on numerous occasions, the defendant failed, neglected and refused to remedy this situation."

The first count contains the following allegations in regard to damages: "the plaintiff was caused to lose many customers, a great many orders for coal, much profits and money, prestige and the confidence of the plaintiff's customers and would be customers, to the ruination of the plaintiff's business," and the plaintiff suffered "great loss

and damage"; and the second count contains substantially the same allegations.

The demurrer assigns twenty-one causes of demurrer, three of which are assigned with respect to the declaration as a whole, including the following: "The plaintiff's declaration fails to state concisely and with substantial certainty the facts necessary to constitute a cause of action." These three causes of demurrer and other more specific causes are assigned with respect to each count. The demurrer was sustained generally.

The cause of demurrer above set forth raises the question whether in form as well as in substance the declaration satisfies the requirements of G. L. (Ter. Ed.) c. 231, § 7, Second, that "The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." See *Gosline* v. *Albro Clem Elevator Co.* 174 Mass. 38; *Cole* v. *Cole*, 277 Mass. 50, and cases cited. "A defendant is entitled to know with reasonable certainty the ground upon which the plaintiff seeks to recover, that he may be able to make answer thereto and be informed of the issues he is called upon to meet. Unless the declaration sets forth in definite terms what those issues are, it cannot be determined what rules of law are applicable thereto." *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 37. On demurrer no intendment can be made in favor of the pleader. See *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 521.

The demurrer was sustained rightly since neither count of the declaration satisfies the requirement of "substantial certainty" in allegation of essential substantive facts. Consequently it is unnecessary to consider specifically other causes of demurrer.

The count in contract does not allege with "substantial certainty" substantive facts showing a contract, express or implied, between the plaintiff and the defendant. It is impossible to determine whether the plaintiff relies on an express contract, written or oral, or on an obligation of the defendant, contractual in nature, arising solely by implication from the relation between the parties created by the

fact that "a telephone, with the usual business service attached thereto, was subscribed to by the plaintiff . . . and installed by the defendant," and the defendant's public duty arising therefrom. Compare *Carney* v. *Proctor*, 237 Mass. 203. However, no express contract is alleged. No "copy or such part as is relied on" of a written document or "the legal effect thereof" is set out. See G. L. (Ter. Ed.) c. 231, § 7, Eleventh. The allegation that it "was the duty of the defendant to supply good and satisfactory instruments and service" does not purport to be a statement of the "legal effect" of a written document. And there is no allegation of any promise, oral or written, by the defendant or of any consideration for such a promise. See *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 36. The allegation that the defendant charged and the plaintiff paid "the billed monthly charges" is not an allegation of consideration for a promise by the defendant. Furthermore the rights and liabilities of the plaintiff as a subscriber for telephone service and of the defendant as a public service corporation supplying such service "depend wholly upon the arrangements, express or implied, made between them in the light of their positions with reference to each other and of the public duty of the defendant." *Mentzer* v. *New England Telephone & Telegraph Co.* 276 Mass. 478, 484. But the allegations that the defendant is "a public service corporation, supplying telephone service to subscribers," that the plaintiff subscribed to a telephone "with the usual business service attached thereto" without further setting forth the terms of the subscription, that the defendant installed a telephone and that the plaintiff paid the monthly charges therefor, are not statements with "substantial certainty" of facts from which the terms of a contract between the plaintiff and the defendant can be implied in the light of the positions of the plaintiff and the defendant "with reference to each other and of the public duty of the defendant." "Though the duty to serve may be antecedent to the contract, yet the contract when made defines and circumscribes the duty." *Kerr Steamship Co. Inc.* v. *Radio Corp. of America*, 245 N. Y. 284, 292. See also *Gardner* v. *Western Union Tele-*

*graph Co.* 231 Fed. Rep. 405, 408. And the allegation of the defendant's duty does not supply the deficiency in the allegations of fact. As applied to an alleged contract, express or implied, it merely states a conclusion of law.

The count in tort stands no better in respect to "substantial certainty" of allegation. The defendant does not contend that this count is deficient because it fails to allege that the defendant is a public service corporation undertaking to supply telephone service to persons within the territory in which the plaintiff's premises are located. Though the duty rests upon such a corporation to supply service upon application in accordance with reasonable regulations, its duty to a subscriber for telephone service arises primarily out of their contractual relations. *Mentzer* v. *New England Telephone & Telegraph Co.* 276 Mass. 478, 487. In this respect its duty differs from the duty of a telegraph company to the addressee of a telegram. See *Rogers* v. *Postal Telegraph Cable Co.* 265 Mass. 544. Whether a subscriber may in a proper case maintain an action of tort for negligent failure to supply the service required by his contract, interpreted in the light of the public duty of the telephone company, resulting in damage of a general character to the subscriber's business, as here alleged, or even resulting in personal injury or damage to specific property, need not be decided. See *Barrett* v. *New England Telephone & Telegraph Co.* 80 N. H. 354. Cases of this general nature in this Commonwealth have been actions of "contract or tort." Compare *Wheelock* v. *Postal Telegraph Cable Co.* 197 Mass. 119; *Mentzer* v. *New England Telephone & Telegraph Co.* 276 Mass. 478. And *Squire* v. *Western Union Telegraph Co.* 98 Mass. 232, described as an action of tort for negligence (page 233), was treated by the court as "an action for damages for breach of a contract" (page 237). But whatever its form, an action for negligent failure of a telephone company to render proper telephone service to a subscriber is founded either upon a contract directly or upon a relation between the parties arising out of a contract, properly interpreted, which fixes the nature and extent of the duty of the tele-

phone company. The count under consideration does not allege in terms that the plaintiff is a subscriber to a telephone, but contains a somewhat similar allegation that a business telephone was placed in his premises by the defendant "in pursuance of a contract." However, no facts are alleged showing the existence of such a contract and the legal effect thereof. A different situation might exist if the cause of action upon which the plaintiff relies was independent of his contract for telephone service (compare *School District in Medfield* v. *Boston, Hartford & Erie Railroad*, 102 Mass. 552, 555; *Vermilye* v. *Postal Telegraph Cable Co.* 205 Mass. 598; *Rogers* v. *Postal Telegraph Cable Co.* 265 Mass. 544), but where, as here, the gist of the action, whatever its form and however stated, is failure to perform a duty arising out of a contract, or out of a relation created by a contract, and the cause of action depends upon that contract properly interpreted, it is essential to state with "substantial certainty" the facts showing the existence of the contract and the legal effect thereof. The nature and extent of the defendant's private duty to this plaintiff cannot be implied solely from the defendant's public duty. In this respect the count fails to meet the statutory requirements.

It follows that the order sustaining the demurrer must be
*Affirmed.*