[Civ. No. 26068.    Second Dist., Div. One.    June 8, 1962.]

ROBERT M. HALDANE et al., Minors, etc., Plaintiffs and Appellants, v. HORACE N. FREEDMAN, Defendant and Respondent.

Eldon O. Haldane, in pro. per., for Plaintiffs and Appellants.

Crider, Tilson & Ruppe and Henry E. Kappler for Defendant and Respondent.

LILLIE, J.—Plaintiffs—minors, by their guardian *ad litem*, declined to amend their complaint within the time allowed after a demurrer thereto had been sustained; according to the caption of the pleading, the action is for damages for "Malpractice, Wilful and Malicious Injury to Plaintiffs' Property Interests." Judgment of dismissal was thereupon entered, and plaintiffs have appealed.

The principal defendants are certain attorneys in Los Angeles and elsewhere in California. The demurrer in question was interposed by Mr. Freedman only—it does not appear that the remaining defendants ever appeared, including the plaintiffs' mother who was joined as a defendant in view of her asserted refusal to join as plaintiff (Code Civ. Proc., § 376).

As indicated by the allegations of the complaint, the background of the litigation is briefly as follows: Mrs. Haldane secured an interlocutory decree of divorce from the plaintiffs' father; she was then represented by one of the defendant attorneys. Mr. Freedman was subsequently substituted as

counsel for Mrs. Haldane and, it is claimed, thereafter conspired with other defendant attorneys to obtain, by fraudulent means, an "invalid" order for Haldane's imprisonment. As a result of such order, Haldane was confined to jail for three days "in flagrant violation of §§ 236 and 237 of the Penal Code" (relating to false imprisonment).

Coming now to the apparent *gravamen* of the complaint, two theories are advanced. By reason of certain fraudulent and negligent conduct on the part of the defendant attorneys, it is claimed that Mrs. Haldane's estate is being wasted and that plaintiffs, as her lawful heirs, are being deprived of their inheritance. Also, and assertedly due to Haldane's imprisonment, it is alleged that plaintiffs (as well as their mother) were deprived of his support and society. The nature of defendants' fraudulent conduct is not specified. Thus, and with respect to the waste committed against Mrs. Haldane's estate, it is alleged that "none of the defendants discharged an attorney's fiduciary duty toward plaintiffs' mother; as a direct result of said fraudulent advice and unskilled attention to their client's affairs, plaintiffs' mother's estate has been gutted, despoiled, scattered and dissipated from approximately $30,000 to the point of insolvency"—it is also alleged that Mrs. Haldane is past 50 years of age, possesses no special skills and is virtually unemployable, which circumstances were known or should have been known by the defendants. With respect to plaintiffs' deprivation of their rights as heirs, it is simply averred that the employment of defendants in combination contributed "to the destruction of the estate these minors would reasonably expect to inherit from their parents." Respondent maintains that the foregoing allegations of fraud do not measure up to the rule "requiring specific language descriptive of the acts relied upon to constitute fraud." (*Lawrence* v. *City of Santa Rosa,* 53 Cal.2d 282, 283 [347 P.2d 683].)

As mentioned above, negligence on the part of the defendants is also alleged, it being specifically averred that they failed to exercise reasonable and ordinary care and failed to exercise that degree of learning possessed by others of the legal profession. The pleading requirements in an action for negligence (or malpractice) might possibly have been met (*Modica* v. *Crist,* 129 Cal.App.2d 144 [276 P.2d 614]) if other conditions, presently to be discussed, were also present. Although respondent argues that the action is basically one for fraud—he points out that punitive damages are demanded

and that the interlocutory decree is attacked (as it must be) on the ground of extrinsic fraud—averments of pleadings are to be liberally construed on appeal to support any sound theory of facts alleged. (*Greenstone* v. *Claretian Theological Seminary*, 173 Cal.App.2d 21, 32 [343 P.2d 161].) ■ "As against a general demurrer the pleadings must be liberally construed." (*Bank of America* v. *Vannini*, 140 Cal.App.2d 120, 126 [295 P.2d 102].)

We have concluded, giving the complaint the liberal construction called for, that neither theory of recovery is sound and that the trial court's order was proper.

■ The guardian concedes that there is no privity between the plaintiffs and respondent-attorney—or any of the attorneys concerned, for that matter. He argues, however, that the privity of contract principle is no longer required in California since the result reached in *Biakanja* v. *Irving*, 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358]. True, the principle (of privity) has been so overlaid with exceptions that, as has been said, the exceptions "have almost, if not completely, swallowed up the so-called 'rule' " (Note 164 A.L.R. 569, 585); but in the *Biakanja* case, *supra*, the rejection (or restatement) of the privity principle was limited to the facts at bar. It was there stated that the determination whether in a specific case the defendant will be held liable to a third person not in privity "is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." (P. 650.) As a result of the concurrence of the above factors, the court in *Biakanja* held that the defendant, a notary public, who had improperly prepared a will for plaintiff's brother, was liable to the plaintiff for the difference between her distributable share under the will and the amount actually distributed to her under the laws of succession.

If any of the above factors are found in the litigation at bar, their presence cannot be twisted or tortured to bring the case within the exception invoked in *Biakanja* v. *Irving*, *supra*. ■ With respect to "the extent to which the transaction was intended to affect the plaintiff," an attorney commits no actionable wrong simply because, pursuant to express

statutory authority, he undertakes the representation of a wife in a domestic relations matter, even though such action will necessarily involve the custody of children and disrupt the normal family relationship.　　　If the plaintiffs were affected by the divorce proceedings alleged in the complaint, the impact thereof upon them was not actionable, although (as usually is the case) quite regrettable.　　　The guardian, we point out, has not specifically alleged facts which would establish any extrinsic fraud in connection with the interlocutory decree; too, there is a presumption in favor of the decision below and we cannot presume error. As for the claim that plaintiffs' father was imprisoned for three days as the result of an ''invalid'' order, thus depriving the plaintiffs (and the mother) of his support and society, the presumption just mentioned also applies.

Next, we consider ''the foreseeability of harm to (plaintiffs)'' and ''the degree of certainty that the (plaintiffs) suffered injury.''　　　As far as the change in family relationship is concerned, we have already expressed ourselves on the noneconomic aspects of the matter; in its economic aspects, there is no degree of certainty that the plaintiffs have been, or will be, affected by the conduct of respondent or other attorneys concerned. Specifically, it is claimed that the depletion of the mother's estate has destroyed or diminished their inheritable interests therein.　　　But the provisions of section 20 of the Probate Code entitle every person of sound mind to dispose of his or her property as he or she sees fit—not in equal proportions to his or her relatives or to those who would inherit under the laws of succession. Since there is no allegation that plaintiffs' mother ever executed a will (which remains unrevoked), how can it be validly argued (unlike the situation in *Biakanja*) that plaintiffs have a *certain* or *fixed* interest in her estate which has been affected by respondent's asserted acts?　　　Cases are legion to the effect that a person can make a cruel or unnatural will provided, of course, there was testamentary capacity and an absence of other circumstances serving to invalidate the instrument. Plaintiffs here have a mere expectancy, not a vested right, in their mother's estate.　　　''One cannot be defrauded of that in which he has no vested right. A vested right is property which the law protects, while a mere expectancy is not property, and therefore is not protected.'' (*Hoeft* v. *Supreme Lodge,* 113 Cal. 91, 96 [45 P. 185, 33 L.R.A. 174].)

The above observations and conclusions are also related to still another factor considered in the *Biakanja* case, namely, "the closeness of the connection between the defendant's conduct and the injury suffered." If the mother could lawfully *at any time* make a valid will completely disinheriting the plaintiffs, it can hardly be said that there is any direct connection between respondent's alleged conduct and plaintiffs' "injury" which possesses such certainty that respondent could be held liable in the absence of privity.

In conclusion, no California case has been cited which would have the effect of supporting the theories advanced by the guardian. This includes *Lucas* v. *Hamm,* 56 Cal.2d 583 [15 Cal.Rptr. 821, 364 P.2d 685], decided subsequent to *Biakanja.* If it could possibly be argued (which we doubt) that respondent has in some way alienated the parents' affections, there is authority in other jurisdictions that a minor has no cause of action against a stranger therefor. (*Morrow* v. *Yannantuono,* 152 Misc. 134 [273 N.Y.S. 912] ; *Cole* v. *Cole,* 277 Mass. 50 [177 N.E. 810] ; *Coulter* v. *Coulter,* 73 Colo. 144 [214 P. 400].) ▆▆ As for the depletion of the mother's estate, there is the remedy of a guardianship or conservatorship proceeding; certainly, however, the asserted depletion may not be prevented in the manner presently sought.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.