# Wildee *versus* McKee et al.

1. Trespass on the case for conspiracy to defame and thereby injure
another in his particular vocation or business may be maintained when-
ever in pursuance of such unlawful combination, means have been
employed which tended to effectuate and to a greater or less extent
accomplished the object of the conspirator.

2. All matters recited in the declaration by way of inducement or charged
therein to have been done or committed by the defendant so far as they
are not wholly irrelevant must be accepted as true upon demurrer to
the declaration by the defendant.

3. The plaintiff in his declaration averred that he was by profession a
teacher, that the defendants conspired with their confederates to ruin
him in his profession and in pursuance and in execution of their said
conspiracy maliciously spoke and published of him in his profession as
teacher, words (set forth at length with innuendoes) which imputed to
him the want of integrity and capacity, mental and moral, followed by
an averment of special damage:
   *Held,* that it was error to sustain a demurrer to the sufficiency of the
declaration.

November 11th, 1885.   Before MERCUR, C. J., GORDON,
PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

[Wildee *v.* McKee.]

ERROR to the Court of Common Pleas No. 1 of *Allegheny county:* Of October and November Term, No. 183.

This action was brought by John Wildee against Alexander McC. Milligan, John A. McKee, James R. W. Sloane, and David B. Wilson, in which the defendants were summoned to answer a plea of trespass on the case for conspiracy. The declaration is against A. M. Milligan, J. A. McKee, J. R. W. Sloane, and D. B. Wilson, as having conspired with G. M. Elliot, Mary Miller, J. H. Pickens, and Duncan Echols, in the Commonwealth of Alabama; J. M. Faris, in the Commonwealth of Illinois; and David B. Gregg, in the Commonwealth of New York; and others to the plaintiff known and unknown to defame with the *intent,* or for the purpose of injuring him in his good name and in his business and profession of teaching, and to cause it to be suspected and believed that the plaintiff was chargeable with insanity and monomania on the subject of adultery and whoredom, bad character, disobedience to employers, and libelling, and also for actually injuring him in his reputation and business and profession of teaching, in pursuance and execution of their conspiracy. The declaration contained seven counts, in the first of which is set forth the conspiracy to defame; in the second and third counts, the charge or imputation of insanity and monomania on the subject of adultery and whoredom; in the fourth count the charge of bad character; in the fifth count that of disobedience to employers; and in the sixth and seventh counts, the charge of libelling.

In the sixth count the plaintiff charges that the defendants are guilty of slander, in that he printed and disseminated a paper, in which certain persons have been scandalized.

The defendants demurred to the declaration, and alleged that the declaration and the matters therein contained were not sufficient in law to maintain the action. They also specified nine causes for demurrer, in which they contend, *inter alia,* that the declaration is improper and insufficient in form; that it erroneously charges them jointly with speaking and publishing the alleged oral slander; that the words alleged to be slanderous are not actionable; that the innuendoes vitiate the declaration by enlarging, extending, and changing the meaning or sense of the words charged; and that the statement or specification of damages contained in the declaration is erroneous. The plaintiff joined in the demurrer.

The court sustained the demurrer, whereupon the plaintiff took this writ, assigning for error *inter alia* the judgment of the court in sustaining the demurrer.

*A. M. Watson,* (*W. G. Crawford* with him) for plaintiff in error.

*A. M. Brown,* (*R. E. Stewart* with him) for defendants in error.

Mr. Justice STERRETT delivered the opinion of the court January 4th, 1886.

It cannot be doubted that trespass on the case for conspiracy to defame and thereby injure another in his particular avocation or business may be maintained whenever, in pursuance of such unlawful combination, means have been employed which tended to effectuate and, to a greater or less extent, accomplished the object of the conspirators: Mott *v.* Danforth, 6 Watts, 304–6; Haldeman *v.* Martin, 10 Barr., 369; Hood *v.* Palm., 8 Id., 237–9. In the last case it is said: "A conspiracy to defame by spoken words, not actionable, would be a subject of prosecution by indictment; and if so, then equally so a subject of prosecution by action, by reason of the presumption that injury and damage would be produced by the combination of numbers. . . . . . Defamation by the outcry of numbers is as resistless as defamation by the written act of an individual. The mode of publication is different; and it is for this reason that an action lies, at the suit of one who has been the subject of a conspiracy, whenever an indictment would lie for it." As an illustration of the principle, it is said an indictment lies for a conspiracy to vex or annoy another, for instance, to hiss a play or an actor, right or wrong; and hence, if the subject of such a conspiracy has been damnified thereby, a civil action may be maintained. Words which impute the want of integrity or capacity, whether mental, moral or pecuniary, in the conduct of a profession, trade or calling, in which the party unjustly accused is engaged, are actionable: 4 Minor's Inst., 380, and authorities there cited.

The only question suggested by the record is whether in the declaration, drafted by himself, the plaintiff has presented a case that fairly comes within the principles recognized by the foregoing authorities. If he has, the learned court erred in entering judgment for the defendants on the demurrer. In considering the question, it must be borne in mind that the defendants, by demurring to the declaration, admit for present purposes the truth of all matters well pleaded therein. It follows therefore that all matters recited in the declaration by way of inducement, or charged therein to have been done or committed by the defendants, so far as they are not wholly irrelevant, must be accepted as true.

Plaintiff avers in substance, that prior to the commission by defendants of the several grievances thereinafter mentioned, he had deservedly earned and enjoyed the confidence and esteem of his neighbors and acquaintances; that he was em-

ploved as a teacher by the Central Board of Missions of the Reformed Presbyterian Church, and engaged in "the business and profession of a teacher, whereby he acquired great gains, profits and advantages, and had always conducted himself in said business and profession with capacity, uprightness, obedience, probity," &c. He then charges, *inter alia*, as follows: "Yet the defendants, well knowing the premises and greatly envying the happy state and condition of said plaintiff, but contriving and falsely and maliciously intending to injure him in his good name, fame and credit, and in his aforesaid business and profession, and to bring him into public scandal, infamy and disgrace with and amongst all his neighbors and other good and worthy citizens, . . . . . and cause it to be suspected and believed that said plaintiff was not fit to be employed as a teacher, and that he was chargeable with insanity and monomania . . . . . and to vex, harass, oppress, impoverish and wholly ruin the said plaintiff in his aforesaid business and profession, and otherwise, . . . . . wickedly, unlawfully and maliciously, did agree, confederate, combine and form themselves into a conspiracy to defame."

It is conceded that the foregoing recitals and averments, without more, are insufficient; but the plaintiff proceeds to charge "that the said defendants having conspired with their confederates as aforesaid, further contriving and intending as aforesaid, heretofore and in pursuance and execution of their said conspiracy, to wit, on the day and year aforesaid, at Allegheny county aforesaid, in a certain discourse which the said defendants had in the presence and hearing of divers persons, falsely and maliciously spoke and published of and concerning the said plaintiff, and of and concerning him in his said business and profession, and of and concerning his capacity and behavior while he was in the employ of the said Board . . . . as aforesaid, the false, scandalous, malicious and defamatory words following, that is to say, "The man (meaning the said plaintiff) must not be right in his mind, thereby meaning that the said plaintiff was incapacitated for his said business and profession on account of insanity and monomania on the subject of adultery and whoredom."

Coupled, as this count is, with the recitals and averments by which it is preceded, and followed by an averment of special damages, we cannot, in view of the authorities above referred to, say the charge therein contained is not actionable. We have no right to indulge in any speculation as to the answer the defendants may make to the charges contained in the declaration. They elected by their demurrer to take the position that the recitals and charges contained in the declaration, assuming them to be true, are insufficient to warrant a

verdict and judgment in favor of plaintiff. In this they were sustained, erroneously as we think, by the court below.

It is unnecessary to refer particularly to the remaining counts. Similar in form to the one above quoted, they severally charge overt acts of the defendants, in pursuance of the alleged conspiracy to defame plaintiff, consisting in the publication of the several alleged libellous matters set forth in them respectively. Whether these publications were made as charged, or whether they were justified by the circumstances under which they were made, can only be properly determined when the facts are fully presented to the court and jury.

　　　　　　　　Judgment reversed and a *procedendo* awarded.