# Hulings, Appellant, *v.* Darlington.

*Conspiracy—Civil action—Evidence.*

1. In a prosecution for a conspiracy the combination is of the gist of the offense, and if that is not proved there can be no conviction. The offense is complete when the conspiracy is formed.   In a civil suit for damages the rule is different.   In the latter case the mere combination injures no one, and unless there is something done in pursuance thereof no action will lie.

2. The burden is on him who alleges a conspiracy as the foundation of his suit to prove it by sufficient testimony, and, failing to do so his action falls.   A conspiracy must be proven by substantive facts, not by disconnected circumstances, any one of which, or all of which are more consistent, or just as consistent with a lawful purpose as with an unlawful undertaking.

Argued April 15, 1914.   Appeal, No. 25, April T., 1914, by plaintiff, from judgment of C. P. Allegheny Co.,

Second Term, 1908, No. 721, on verdict for plaintiff in case of Harry B. Hulings v. O'Hara Darlington and George F. Jones. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass for conspiracy. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for six and one-quarter cents. Plaintiff appealed.

*Error assigned* was various instructions and rulings.

*L. C. Barton,* for appellant.

*E. W. Smith,* of *Reed, Smith, Shaw & Beal,* with him *Frank C. Osburn,* for appellee.

OPINION BY PORTER, J., July 15, 1914:

This is an action of trespass for damages claimed to have been suffered by reason of an alleged conspiracy, fraudulently and maliciously entered into by the defendants, to cheat and defraud the plaintiff. The plaintiff did not aver in his statement nor did he at the trial produce any evidence tending to/ show that either of these defendants had been guilty of an unlawful act or had done anything which would sustain an action by this plaintiff against him individually. The alleged tort for which the plaintiff sought to recover could only be available to sustain an action when committed under an unlawful conspiracy of two or more, and there could be no recovery unless the unlawful conspiracy was established: Collins v. Cronin, 117 Pa. 35. In a prosecution for a conspiracy the combination is of the gist of the offense, and if that is not proved there can be no conviction. The offense is complete when the conspiracy is formed. In a civil suit for damages the rule is differ-

ent. In the latter case, the mere combination injures no one, and, unless there is something done in pursuance thereof no action will lie: Rundell v. Kalbfus, 125 Pa. 123. The burden was upon this plaintiff to prove not only that the defendants had conspired to defraud him, but that they had in pursuance of the unlawful combination done some act which worked him an injury. "Failure to prove the unlawful combination defeats the right to recover and the unlawful combination, like any other substantive fact, must be established by sufficient relevant testimony. If the testimony is direct and positive as a rule the question of sufficiency alone arises, and in such case it is for the jury to pass upon the credibility of witnesses and determine the fact by the weight of the evidence. When the testimony is not direct and positive, but where subsequent acts and circumstances are relied on to establish the conspiracy, a very different situation is presented. In such a case the first duty rests with the court to say whether the proven acts and circumstances, even if believed, are sufficient in law to establish in point of fact that the unlawful combination had been entered into by the parties charged, or two or more of them at some prior date. If the subsequent acts do not show, or tend to show the direct unlawful combination and purpose, the very foundation of the action, it is clear the plaintiff has failed to make out his case and it is the duty of the court to say so. . . . When conspiracy is alleged it must be proven by full, clear and satisfactory evidence. This measure of proof is recognized in all our cases as the correct rule, and while it is permissible to prove subsequent acts from which the conspiracy itself may be inferred, when such acts are relied on to establish the conspiracy they must be such as to clearly indicate the prior, collusive combination and fraudulent purpose, not slight circumstances of suspicion upon which a jury might guess or conjecture as to the fact of such unlawful combination ever having been entered into, but they

must be such as to warrant the belief and justify the conclusion that the subsequent acts were done in furtherance of the unlawful combination and in pursuance of the scheme to defraud. The subsequent acts must negative the idea of a lawful undertaking or purpose, and must tend to show the prior unlawful combination. If the subsequent acts show an honest purpose or a lawful transaction, it would be violence to the settled rules of evidence and to the legal rights of parties to hold that testimony which shows subsequent lawful acts is sufficient to establish a prior unlawful combination. The burden is on him who alleges a conspiracy as the foundation of his suit to prove it by sufficient testimony, and, failing to do so, his action falls. A conspiracy must be proven by substantive facts, not by disconnected circumstances, any one of which, or all of which are more consistent, or just as consistent, with a lawful purpose as with an unlawful undertaking:" Ballantine v. Cummings, 220 Pa. 621.

The evidence produced by plaintiff was entirely insufficient to warrant a recovery, under the principles clearly defined by the authorities. The plaintiff and Jones had formed a partnership for the purpose of buying an old steamboat and lot of barges, repairing the same and putting them into condition to permit of their being used for purposes of navigation, and engaging in the business of navigating the boat and barges. The evidence clearly disclosed that if either of the partners had put any of their own money into this venture the amount thereof was insignificant. The partnership borrowed of O'Hara Darlington, at various times, sums of money aggregating $20,000. The evidence would probably convince the average jury that the action of Mr. Darlington in loaning this large amount of money to this partnership was not a wise business venture, but it is not an unlawful act to make a foolish investment. An installment of interest on money which Darlington had loaned became due on November 18, 1904,

and was not paid when due and so far as the evidence discloses neither this plaintiff nor his partner Jones ever made any offer or attempt to pay it. Darlington notified each of the members of the firm that he required payment of the amount due him and intended to take legal steps to seize the property of the partnership to secure the payment of his debt. There had been some disagreement between Hulings and Jones and Jones elected to dissolve the partnership and so notified Hulings, which he had a right to do. The steamboat and barges, which constituted almost the entire property of the partnership, were then at Parkersburg, West Virginia, in the possession and control of this plaintiff. The plaintiff within a few days after he had received notice from Darlington of his intention to attempt to seize the property for the purpose of securing satisfaction of his debt, filed a bill in equity in the circuit court of Wood county, West Virginia, in which he was named as plaintiff and his partner Jones and O'Hara Darlington as defendants, alleging conspiracy of the defendants to cheat and defraud him out of his interest in the firm, and to oust him from possession of the partnership property. He prayed for the dissolution of the partnership, that a receiver be appointed to take possession of the partnership property, execute the partnership contracts, and wind up the partnership business. He further prayed that the defendant Jones be required to account; and that the defendants be restrained from interfering with the business and management of said partnership and with the property of the firm. The firm property was at that time within the jurisdiction of the court, and it is conceded that the court in which he filed the bill had jurisdiction of the subject-matter. The parties appeared to that action, and the court so acquired jurisdiction over them personally. This plaintiff obtained all the relief that he sought in the circuit court of Wood county, West Virginia; Jones, one of the partners and Darlington, the creditor who had

furnished all the money that the partnership had put into its business, were restrained from interfering with the firm property; the dissolution of the firm was decreed, a receiver was appointed, who during the greater part of the time required to wind up the firm's affairs put the steamboat in charge of this plaintiff; the entire property was finally sold by the receiver, whose account was filed and approved, and the entire fund was paid out in accordance with the decree of the court, the jurisdiction of which this plaintiff had invoked.

About a month after the plaintiff had procured the appointment of the receiver O'Hara Darlington filed a libel against the steamboat in the United States court for the northern district of West Virginia, and that court later appointed as receiver, the same receiver whom this plaintiff had procured to be appointed in his proceeding in equity in the circuit court of Wood county, W. Va. The libel filed by O'Hara Darlington against the steamboat was finally dismissed. If O'Hara Darlington is answerable for damages, because of having filed that libel, the remedy is upon the bond which he in that case filed.

There was under the evidence no question that the partnership was very largely indebted to O'Hara Darlington, and there was a payment due on that debt, in default. He notified the members of the firm that he intended to take steps to protect his interests. This he had a right to do. The defendant Jones was within his legal rights in dissolving the partnership which had theretofore existed between him and this plaintiff. The plaintiff's feelings may have been injured when he discovered that the creditor with whose money the firm had bought all the property that it owned had awakened to the fact that he had loaned the money on insufficient security and intended to insist that the firm should repay him according to the covenants of their contract. But that was all the injury that he had suffered when he, himself, went into a court of competent jurisdiction

and procured the decree which dissolved the firm, placed all its property and contracts in the hands of a receiver, and which ultimately resulted in the sale of the property and distribution of the proceeds under direction of the court which he himself had chosen. All the evidence relating to the action of O'Hara Darlington was more consistent with a lawful purpose on his part, to recover what was justly due him by proceedings in the regular organized courts, than with an unlawful undertaking of any nature. There was no positive evidence of an unlawful combination, and the subsequent acts of O'Hara Darlington, which the plaintiff asserted were evidence from which a jury might be permitted to infer a prior unlawful combination, were wholly insufficient for any such purpose: Ballantine v. Cummings, supra. Even if there had been an unlawful combination, the plaintiff prevented any injury to his property rights, by promptly committing the partnership property to the administration of a court of competent jurisdiction, before the defendants had in any manner interfered with it. Upon both these grounds the court below should have affirmed the prayer of the defendants for a binding instruction, and the plaintiff has certainly no reason to complain because he was permitted to recover nominal damages. All the specifications of error are dismissed.

The judgment is affirmed.