**William G. AULD, Plaintiff,**

**v.**

**MOBAY CHEMICAL COMPANY, a Delaware corporation, Ross B. Nason, an individual, Charles O. Koch, an individual, Defendants.**

**Civ. A. No. 68–898.**

United States District Court
W. D. Pennsylvania.

June 5, 1969.

Nason and Koch, the individual defendants, and alleges that since that time said individual defendants have conspired wilfully and intentionally to make false and defamatory statements about plaintiff calculated to injure his good name, reputation, business and profession and to keep plaintiff from procuring other employment.

Plaintiff instituted suit against these defendants by filing his complaint August 1, 1968, which purported to aver the above allegations. Defendants moved to dismiss the complaint for the reason that the plaintiff was barred by the applicable Pennsylvania Statute of Limitations. By order of this court dated October 7, 1968 we required plaintiff to amend his complaint to plead more fully acts or actions which occurred within one year of the filing of the complaint and to allege more fully those acts or actions which would indicate a conspiracy to defame, or a conspiracy to injure a person in his profession or occupation.

Plaintiff has amended his complaint as required and defendants again move for a motion to dismiss on the ground that relief is barred by the one year Pennsylvania statute of limitations applicable to libel and slander. 12 P.S. §§ 31 and 32.

Upon a hearing of said motions the plaintiff informed the court that four theories of recovery had been pleaded; defamation, a conspiracy to defame, a conspiracy to injure a person in his trade or profession, and a conspiracy to deprive plaintiff of his civil rights. We must, therefore, review each one of these theories in regard to defendants' allegations that all actions so pleaded are barred by the one year statute of limitations.

To the extent that plaintiff alleges acts of defamation, either slander or libel, there can be no doubt that claims based on these acts are barred except for such allegations of specific defamation occurring within one year prior to the filing of the complaint, i. e., from and after August 1, 1967.

Floyd L. Arbogast, Jr., Pittsburgh, Pa., for plaintiff.

Frank A. McFerran, Jr., and Frederick N. Egler, Pittsburgh, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

This is a motion to dismiss Plaintiff's Amended Complaint or in the alternative to strike certain counts.

This action stems out of an alleged conspiracy by the corporate defendant through its corporate officers, two of whom, Ross B. Nason and Charles O. Koch, are also defendants. In his original complaint, plaintiff alleges that on August 3, 1966 he was summarily dismissed from his employment by Messrs.

Furthermore, the cause of action on defamation is barred as against any defendant not charged with a specific act subsequent to August 1, 1967.

■ Paragraphs 28 and 38 of the Amended Complaint contain the only allegations of a tortious act occurring within one year of the filing of plaintiff's complaint. The alleged libelous statement asserted in paragraph 28 involves a letter sent from one of defendant's officers, Peter Bauma, to a prospective employer of plaintiff. In that letter the following phrase appeared, "but we would not under any circumstances ever rehire Mr. Auld." This is the alleged libelous statement. As this phrase is not libelous per se, we will require the plaintiff to plead the extrinsic circumstances by which this statement is made allegedly defamatory. This letter was not written by individual defendants, Nason or Koch; therefore, the plaintiff must plead that the letter was sent by Mr. Bauma as part of the conspiracy; otherwise as to this allegation the individual defendants must be dismissed.

■ Paragraph 38 contains an averment that defendants continued making defamatory remarks to personnel of the Pittsburgh office of the United States Bureau of Internal Revenue, concerning plaintiff's alleged "kickbacks" and "purchasing irregularities" after August 3, 1967. This also appears to allege a defamation within the prescribed statutory period of one year. As to the other allegation of libel and slander occurring before August 1, 1967, they are hereby dismissed as barred by the statute of limitations.

■ Plaintiff by his Amended Complaint sought to clarify the position taken at the time of defendants' prior motion to dismiss. Plaintiff argues that he has a cause of action for civil conspiracy for which the statute of limitations is six years irrespective of the nature of the overt act by which the conspiracy is manifested. This we cannot accept. Since there are no appellate opinions in Pennsylvania controlling on this matter we are required to determine the issue as we believe the Supreme Court of Pennsylvania would so decide.

■ The conspiracy to be actionable must be a conspiracy to injure in one of the ways for which the law gives redress. Plaintiff's conspiracy claim must either by a conspiracy to injure by defamation or to injure through some non-defamatory but otherwise tortious action.

■■ To the extent that we have a conspiracy to defame, we hold that the applicable period of limitation is the state statute of limitation on the overt act, i. e., one year. We decide this despite the holding of the Lackawanna County Common Pleas Court in Smith v. Morris, 40 Pa.D. & C. 237 [1940], that applied a six year statute of limitation on allegations of conspiracy to defame and false imprisonment. We are not bound by this lower state court determination and we do not consider it well-founded.

There is authority elsewhere to support our decision.

In Cimijotti v. Paulsen, 230 F.Supp. 39 [D.C.Iowa, 1964], affirmed 340 F.2d 613, [8th Cir., 1965] where plaintiff alleged a conspiracy to commit defamation the court held that the inclusion of the conspiracy count did not change in any way the statute of limitations for the tort itself.

Plaintiff's cause of action in Morrison v. National Broadcasting Company, Inc., 19 N.Y.2d 453, 280 N.Y.S.2d 241, 227 N.E.2d 572 [1967] was defendant's act of intentionally inducing plaintiff to appear on what defendant knew to be a "rigged" television quiz program, which brought plaintiff into public scorn, ridicule and contempt so that his professional standing and reputation was seriously damaged. Plaintiff asserted that since this was an intentional tort the applicable statute of limitation was six years rather than the one year statute of limitation applicable to traditional defamatory torts of libel and slander. The Court held,

citing the Restatement of Torts, § 559, that defamation is defined in terms of the injury, damage to reputation, and not in terms of the manner in which the injury is accomplished. In determining the nature of the claims asserted, the court must look to the essence of the action and not merely to its name. Since plaintiff's present action seeks relief for damages to his reputation and professional standing this action falls within the ambit of tortious injury for defamation which the legislature has set a one year statute of limitations.

To permit the plaintiff to circumvent the applicable statute of limitations for defamation by the simple procedure of alleging a conspiracy to defame would defeat the purpose of the statute of limitations imposed by the legislature. There appears to be no logical distinction between the alleged conspiracy to defame and the alleged defamation itself. Both causes of action injure or damage the reputation of the plaintiff. The same reasoning is germane to our decision to apply the one year statute of limitation to plaintiff's allegation of a conspiracy to injure plaintiff in his business or profession. We will accept for purposes of defendant's motion, that plaintiff alleged a prima facie case of a conspiracy to defame the plaintiff in his business or profession. Plaintiff in Wildee v. McKee, 111 Pa. 335, 2 A. 108 [1885] asserted a cause of action in trespass on the case for an alleged conspiracy to injure plaintiff in his profession by impinging plaintiff's integrity and capacity as a teacher. The court held that plaintiff had alleged a valid cause of action.

■ At common law plaintiff's claim would be categorized as an action of "trespass of the case". 12 P.S. § 32 prescribes a one year statute of limitations for all actions of "trespass on the case for words". Plaintiff's alleged conspiracy falls within this category of actions and would thus be barred by the statute of limitations.

■ Plaintiff argues that he has set forth a cause of action couched in the terms of a conspiracy to deprive plaintiff of his civil rights. Plaintiff has failed to plead facts which are the bases for any civil action for an invasion of civil rights under the Federal Civil Rights Statutes, 42 U.S.C. §§ 1983 and 1985. The defendants have acted in a private capacity and for private interests and there is no averment that they were cloaked with public authority or acted under color of law. Even if plaintiff has sufficiently alleged a valid cause of action for deprivation of civil rights, we would apply the applicable statute of limitations for the state substantive offense, that is the one year statute of limitations for defamation and the one year statute for conspiracy to defame plaintiff in his trade or profession, and be forced to dismiss the complaint. Judge Marsh, of this Court, in a similar situation applied the analogous state statute of limitations for the offense of an alleged conspiracy to procure plaintiff's conviction and imprisonment, all to plaintiff's humiliation, embarrassment and loss of business and reputation. The Court held that any federal claims arising out of the criminal proceedings, were barred by the one year statute of limitations governing malicious prosecution. Gaito v. Strauss, 249 F.Supp. 923 [W.D.Pa., 1966]. Also in Jones v. Bombeck, 375 F.2d 737 [3rd Cir., 1967], a civil rights case, the Court of Appeals affirmed this District Court's application of the Pennsylvania state statute of limitations pertaining to the substantive offense most closely related to that which the defendants were alleged to have conspired to commit.

■ In order to decide all of these issues we must of necessity determine when plaintiff's cause of action arose. Plaintiff asserts that they have alleged a continuing cause of action which arose August 3, 1966 when plaintiff was summarily fired and continued, we can assume, to the present date.

In reviewing the decisions of the various states as to when the statute of limi-

tations begins to run on "civil conspiracies" we found them to be in conflict. It has been held, for example, that the statute of limitations begins to run from the last overt act done in pursuance of the conspiracy, from the last overt act causing damage to the plaintiff, from each overt act causing damage, or from the time injury occurs. [See the cases cited in 62 A.L.R.2d 1386]. But the law seems to be settled in Pennsylvania, that the statute of limitations begins to run from each overt act causing damage.

In Helmig v. Rockwell, 389 Pa. 21, 131 A.2d 622 [1957], cert. den. 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44, rehearing den. 355 U.S. 885, 78 S.Ct. 146, 2 L.Ed.2d 115 the court held that a conspiracy was actionable when it produced an overt act which injures the complaining party, and in Park-in Theatres, Inc. v. Paramount-Richards Theatres, Inc., 90 F.Supp. 727 [D.C.Del., 1950], aff. 185 F.2d 407 (3rd Cir., 1950], cert. den. 341 U.S. 950, 71 S.Ct. 1017, 95 L.Ed. 1373 [1951], the court stated that a civil conspiracy case is "based upon the damage caused by the commission of the overt act and the applicable statute must run from the time of the commission of that act which is alleged to have caused the damage."

This would be from and after August 1, 1967. Any cause of action plaintiff may have had prior to that date is barred by the state statute of limitations. 12 P.S. §§ 31 and 32.

## ORDER

And now this 5th day of June, 1969 it is ordered that Defendants' Motion to Dismiss is granted, except as to all allegations of defamation occurring within one year prior to the filing of the Complaint, i. e., those allegations contained in paragraphs 28 and 38 of Plaintiff's Amended Complaint averring acts of alleged defamation from and after August 1, 1967.

Defendants' Motion to strike portions of Plaintiff's Complaint is dismissed as moot.