## Menefee v. Columbia Broadcasting System, Inc.

*Benjamin E. Zuckerman,* for plaintiff.

*John Solomon, Curtis Wright* and *Richard E. Mc-Devitt,* for defendants.

TREDINNICK, J., January 3, 1972.—The complaint in this matter alleges a conspiracy on the part of defendants to interfere with plaintiff's contractual rights with defendant, Columbia Broadcasting System (CBS), to defame plaintiff, and to injure him in his trade or profession. The action was commenced on August 12, 1970. Plaintiff's employment with CBS had terminated on August 25, 1967. The case was specially listed for trial during the November civil sessions, since it appeared that plaintiff was suffering from a terminal illness and might not survive to the normal trial date. In the event he might not survive even the advanced trial date, his deposition was taken on October 22 and 23, 1971. Subsequent to the listing of the case specially, and subsequent to the taking of plaintiff's depositions, defendants filed motions to amend their respective answers to the complaint to inject two new issues: (1) The statute of limitations, and (2) the defense of privilege, truth, fair comment and that any alleged slanderous or defamatory statements were constitutionally protected under the First and Fourteenth Amendments of the United States Constitution. After argument and consideration of briefs filed, the amendment was allowed as to the latter issue, but denied as to the statute of limitations. Defendants have appealed, thus necessitating this opinion.

We note at the outset that the question of whether the statute of limitations in a conspiracy to defame action is one year or six years appears not to have been decided by any Commonwealth appellate court: Auld v. Mobay Chemical Company, 300 F. Supp. 138 (W. D. Pa., 1969), holds that it is a one-year statute. Lower court cases have held that it is a six-year statute: Smith v. Morris, 40 D. & C. 237 (1940). If the statute is six years, then obviously, this action was

timely instituted. If the statute is one year, then this action may or may not have been timely instituted, depending upon when plaintiff knew, or should have known, of the conspiracy.

We do not decide the question of whether the statute is a one or a six-year period, for, even if the statute is held to be one year, the amendment should not be permitted.

It is a well-established part of the law of this Commonwealth that amendments to pleadings should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment runs afoul of a positive rule of law: Bogert v. Allentown Housing Authority, 426 Pa. 151, 157 (1967).

Defendants' request to amend to plead the statute of limitations was denied under both guidelines enunciated in the Bogert case. We felt such an amendment at this late date in the progress of the case would prejudice plaintiff. As has been heretofore noted, plaintiff was suffering from a terminal illness at the time this motion was filed. In fact, as events turned out, he died within a month of the filing of the motion, and a day before the case was to have commenced under its special listing. Plaintiff's illness was carcinoma of the lungs. Should the issue of the statute of limitations have been injected into the case at that juncture, the court was convinced that because of plaintiff's condition, and medication he was undoubtedly taking, plaintiff would have been unable to properly develop facts to substantiate any concealment of the conspiracy, or the date upon which he discovered the conspiracy, matters crucial to the issue.

Additionally, it appears that "where plaintiff has another case, based upon the same facts, pending in the same or another court, it tolls the statute of limitations and (it) does not begin to run until final adjudica-

tion of the pending case": Caimaichelo v. Pinkston, 41 D. & C. 2d 727, 732 (1966), citing Sattler v. Opperman, 14 Pa. Superior Ct. 32 (1900). Plaintiff has pending in this court at docket no. 68-742, a slander action arising out of the very facts giving rise to the present action. That action was commenced on January 18, 1968, and tolled the statute.

For the foregoing reasons, the motion to amend was properly denied.