**Menefee v. Columbia Broadcasting System (No. 2)**

*Benjamin Zuckerman,* for plaintiff.

*John Solomon, Curtis Wright* and *Richard E. Mc-Devitt,* for defendants.

TREDINNICK, J., May 10, 1972.—These matters are before the court on the motion of defendants, Columbia Broadcasting System, Inc., John O. Downey and Michael Grant for (1) judgment on the pleadings as to civil action 68-742, and (2) for summary judgment in civil action 70-10184; and on the motion of defendants, Freedoms Foundation, Kenneth D. Wells, Wallace D. Hall, and Mrs. Wallace D. Hall, for summary judgment in civil action 70-10184. Additionally, all the aforementioned defendants petitioned the court in civil action 70-10184 for a change of venue. These matters are so intertwined that they have been consolidated for disposition.

Plaintiff, Robert Menefee, now deceased, was a well-known radio broadcast personality in the Philadelphia area. From 1961 to 1967, he was employed by radio station WCAU, owned and operated by defendant, CBS. Sometime during June of 1967, plaintiff entered into a contract renewal with CBS. However, the contract was modified to permit CBS to terminate Menefee's employment on 13 weeks' notice. On August 25, 1967, plaintiff was dismissed by CBS and given 13 weeks severance pay. Immediately following the dismissal, CBS, through its agent, Michael Grant, caused to be published a newspaper article which purportedly explained that plaintiff's severance was motivated with the idea of achieving higher ratings. On January 18, 1968, plaintiff filed suit for slander and libel (68-742). The complaint averred that said newspaper article was disseminated with the malicious purpose of defaming

plaintiff. Thereafter, on August 12, 1970, upon facts allegedly discovered subsequent to the dismissal, plaintiff filed suit against all defendants averring (1) a conspiracy to interfere with plaintiff's contractual rights with defendant, CBS, (2) a conspiracy to defame plaintiff, and (3) a conspiracy to injure him in his trade or profession (70-10184).

The case was specially listed for trial during the November 1971, civil sessions since it appeared that plaintiff was suffering from a terminal illness and might not survive the normal trial date. In fact, plaintiff died on November 9, 1971, the day before trial was to have commenced. In December of 1971, defendants filed the motions under consideration.

Defendants' motion for judgment on the pleadings as to the 1968 libel action must be sustained. Plaintiff's death prior to verdict in the action caused the action to abate, since actions for libel or slander do not survive the death of the plaintiff: Fiduciaries Act of April 18, 1949, P.L. 512, art. VI, sec. 601, 20 PS §320.601; Thompson v. Curtis Publishing Co., 193 F.2d 953 (1952). Plaintiff asserts that the aforementioned statute is inapplicable since the libel and slander involved here affected a property right—his professional reputation (as opposed to his personal reputation). The answer to this argument is simple—the statutory prohibition is absolute. No such exception was countenanced in the Thompson case, supra, although the defamation there involved was of a "property right."

We turn to the several motions for summary judgment in the 1970 case (70-10184). These motions must be considered separately as they relate to the three causes of action asserted in the complaint.

The first cause of action alleged in this complaint is that all motioning defendants conspired to defame

plaintiff. We believe the motions must be allowed as to this aspect of the case, since the underlying libel and slander action has abated.

It is essential to a civil cause of action for conspiracy that some act or acts be done in furtherance of the purpose of the conspiracy, as the mere combination, without more, injures no one to an extent civilly actionable: Hulings v. Darlington, 57 Pa. Superior Ct. 535 (1914). Since the basic cause of action (alleged libel and slander) has abated by the death of plaintiff, the unlawful combination, without more, is not actionable. As was stated in Auld v. Mobay Chemical Co. et al., 300 F. Supp. 138 (1969), page 141: "There appears to be no logical distinction between the alleged conspiracy to defame and the alleged defamation itself. Both causes of action injure or damage the reputation of plaintiff." Therefore, if the libel and slander abates, so does the conspiracy to commit libel and slander.

Secondly, plaintiff alleges that all motioning defendants conspired to dismiss plaintiff from his employment. We are convinced that this cause of action cannot be legally sustained as to CBS, Downey and Grant. This phase of the action is based upon the proposition that the non-CBS-connected defendants conspired with CBS and its agents to dismiss plaintiff, inducing CBS, through its agents, Downey and Grant, to so act. But it is clear that CBS had a lawful right under its contract with plaintiff to do exactly that, i.e., dismiss plaintiff upon 13-weeks' notice. No liability attaches to CBS or its agents in this situation. Since these defendants had a legal right to dismiss plaintiff under the contract, the law will not inquire as to the motive for so doing. Cf. Rosenblum v. Rosenblum et al., 320 Pa. 103, 108 (1935).

The motion of the remaining defendants as to the conspiracy to have plaintiff dismissed must, however,

be overruled. These defendants contend that the depositions are completely silent concerning any conspiracy to interfere with plaintiff's contractual rights and cite the rule first stated in Ballantine v. Cummings, 220 Pa. 621, 631 (1908), that "when circumstantial evidence is relied on to prove the conspiracy its sufficiency must first be determined by the court . . ." That may well be, but we are not prepared to exercise that duty under the present state of the record. Such a determination may be made at the close of plaintiff's case upon appropriate motion.

Finally, the 1970 complaint alleges that defendants conspired to injure plaintiff in his trade or business. As to defendants, CBS, Grant and Downey, we have heretofore stated that they cannot be held accountable on the defamation charge, as that has abated, and similarly, cannot be held liable for a conspiracy to interfere with plaintiff's contractual rights. The conspiracy to injure plaintiff in his trade or business is predicated clearly upon those two allegations, and must fall with them. Again, however, such reasoning is not available to the remaining defendants and their motions for summary judgment must be overruled.

There remains for disposition the petition for change of venue filed by defendants, Freedoms Foundation, Kenneth D. Wells, Wallace D. Hall and Mrs. Wallace D. Hall. In view of the foregoing, the like petition of CBS, Downey and Grant is moot. After a careful consideration of the reasons supposedly necessitating a change of venue, we are convinced that they present no difficulties which cannot be surmounted by proper voir dire during the jury selection process.

Accordingly, we enter the following orders:

1. In the matter of Robert Menefee v. Columbia Broadcasting Systems, Inc., and Michael Grant, no.

68-742, defendants' motion for judgment on the pleadings is sustained, and judgment entered for defendants.

2. In the matter of Robert Menefee v. Columbia Broadcasting Systems, Inc., John O. Downey; Michael Grant; Freedoms Foundation; Kenneth D. Wells; Wallace D. Hall; Mrs. Wallace D. Hall; General Douglas S. MacArthur Veterans of Foreigns Wars Post 1507; Thomas Crompton, No. 70-10184:

(a) Defendants, Columbia Broadcasting System, Inc., John O. Downey and Michael Grant, motion for summary judgment is sustained, and judgment entered for said defendants.

(b) Defendants, Freedoms Foundation, Kenneth D. Wells, Wallace D. Hall and Mrs. Wallace D. Hall motion for summary judgment is sustained as to plaintiff's cause of action asserting a conspiracy on the part of said defendants to defame plaintiff, but is otherwise overruled.

(c) Defendants' petition for change of venue is denied.