## Tarasi v. Pittsburgh National Bank

*Louis M. Tarasi, Jr.,* for plaintiffs.
*Donald L. Very* and *Orlando R. Sodini,* for defendant.

BARRY, *J.,* May 24, 1977—This case comes before the court on defendants' preliminary objections to plaintiffs' complaint. Plaintiffs filed a complaint in trespass, later amended, which alleges in count I a cause of action ostensibly grounded in the tort of malicious abuse of process. The second count alleges a cause of action based on common law fraud and deceit. The third and final count sets forth a cause of action based upon an alleged conspiracy to commit malicious abuse of process.

Defendants filed preliminary objections to plaintiffs' amended complaint raising the statute of limitations as a bar to counts I and III, and the pendency of a prior action as to count II.

At this juncture, the court is presented with the following issues:

1. What is the proper characterization of the cause of action which comprises count I of plaintiffs' complaint;

2. What is the statute of limitations applicable to that cause of action;

3. What is the statute of limitations applicable to a cause of action alleging conspiracy to commit the tort stated in count I; and,

4. Should count II of this action be dismissed or stayed due to the pendency of a prior action in Federal court?

## I. CHARACTERIZATION OF COUNT I

Plaintiffs' amended complaint labels count I as "Malicious Abuse of Process." Defendants' preliminary objection contends, however, that the proper characterization of count I is malicious use of process, not malicious *abuse* of process.

In Publix Drug Company v. Breyer Ice Cream Co., 347 Pa. 346, 32 A. 2d 413 (1943), the Supreme Court of Pennsylvania distinguished malicious abuse of process from malicious use of process, stating:

"Decisions in this state and in other jurisdictions have drawn a distinction between actions for *abuse* of legal process and those for malicious prosecution, which, when founded on civil prosecutions, are usually described as *malicious use* of civil process. The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it: Mayer v. Walter, 64 Pa. 283; Annotation, 80 A. L. R. 581. 'An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it . . .

On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is comtemplated . . . other than its proper effect and execution': Mayer v. Walter, supra, p. 285; Johnson v. Land Title B. & T. Co., 329 Pa. 241, 242, 198 A. 23. Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued. All the analogies of an action for a malicious arrest belong to an action for malicious use of civil process." 347 Pa. 347, 348-49.

In the instant case, plaintiffs allege that defendants filed a complaint in assumpsit for an alleged breach of an Executive Check Credit agreement and a Bankamericard Agreement with Pittsburgh National Bank. Additionally, it is alleged that plaintiffs were in default of a judgment note dated September 4, 1973. Judgment was entered by defendants against plaintiffs for these alleged breaches. If, as alleged in plaintiffs' complaint, there was no default in fact, then defendants had no right to initiate proceedings for their collection. Thus, the harm of which plaintiffs complain results from a wrongful initiation of legal proceedings rather than from a perversion of the proceedings once they have been initiated. Therefore, the court is of the opinion that the proper characterization of count I of plaintiffs' complaint is "Malicious *Use* of Process".

## II. APPLICABLE STATUTE OF LIMITATIONS TO MALICIOUS USE OF PROCESS

The court, having found that count I of plaintiffs' complaint is properly characterized as an ac-

tion for malicious use of process rather than malicious abuse of process, is now faced with determining the applicable statute of limitations governing actions for malicious use of process.

Malicious use of process is the civil half-brother of malicious prosecution: Publix Drug Co., supra. Malicious prosecution is subject to a one-year statute of limitations, this case is also subject, by analogy, to the one-year statute of limitations set forth for malicious prosecution.

## III. THE APPLICABLE STATUTE OF LIMITATIONS FOR CONSPIRACY TO COMMIT MALICIOUS USE OF CIVIL PROCESS

Count III of plaintiffs' amended complaint alleges that defendants engaged in a conspiracy to commit malicious use of process. Defendants have objected preliminarily to this count of plaintiffs' complaint, contending that it is barred by the applicable statute of limitations. In so arguing, defendants contend that conspiracy to commit malicious use of process is governed by the same statute of limitations as the tort of malicious use of process, namely, one year. Plaintiffs, on the other hand, contend that since there is no specific statute of limitations for conspiracy, the residual statute of limitations contained in the Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 P. S. §31, of six years, is applicable.

The statute of limitations for a conspiracy is controlled by the statute of limitations for the substantive offense most closely related to that which defendants were alleged to have conspired to commit: Ammlung v. City of Chester, 494 F. 2d 811 (3d Cir. 1974); Auld v. Mobay Chemical Co., 300 F. Supp. 138 (W. D. of Pa. 1969). In Auld, supra, the

court found that to allow an extension of the statute of limitations simply because a conspiracy is alleged would ultimately defeat the clear purpose intended by the legislature in enacting statutes of limitations. The court is, therefore, of the opinion that the statute of limitations for conspiracy to commit malicious use of process is controlled by the statute of limitations for malicious use of process, namely, one year.

In the instant case, the last allegation of conspiracy occurred on February 22, 1974, when defendant, Pittsburgh National Bank, filed an assumpsit action against plaintiffs. The present action was not filed within one year of that date and is, therefore, barred by the statute of limitations.

## IV. COUNT II OF PLAINTIFFS' AMENDED COMPLAINT ALLEGING A CAUSE OF ACTION BASED ON COMMON LAW FRAUD AND DECEIT

Defendants have objected preliminarily to this count on the ground that there is presently pending a prior action in the United States District Court for the Western District of Pennsylvania. This Federal action was brought under the Securities Exchange Act of June 6, 1934, 48 Stat. 881, and alleges security fraud in violation of 17 C. F. R. 240, 10b-(5). The District Court granted defendants' motion for summary judgment and the case is presently pending before the United States Court of Appeals for the Third Circuit. Defendants contend that this Federal action is similar in all material respects to count II of plaintiffs' complaint in the instant case and, therefore, count II should be stayed or dismissed during the pendency of the prior Federal claim.

Plaintiffs oppose this dismissal/stay on the grounds that the prior Federal action is different from the instant case. Specifically, plaintiffs call the court's attention to the difference in proving Pennsylvania common-law fraud and securities fraud under the Securities Exchange Act of 1934. There is no requirement of justifiable reliance in order to succeed in a claim based on 10(b)-(5) of the Securities Exchange Act while in Pennsylvania justifiable reliance upon material misrepresentations is an essential element of the claim for relief based on common-law fraud. Additionally, plaintiffs argue that there are additional parties, both plaintiff and defendant, in the Federal action which create material dissimilarities to the present action.

The court is of the opinion, after careful review of both actions, that there exists a significant and substantial similarity between the prior Federal action and the instant case. Both are essentially actions for fraud, both seek similar measures of damages, both contain substantially identical parties in similarly adversarial positions and both emanate from the same series of factual occurrences. The court is, therefore, of the opinion that the prior Federal action is substantially similar to the instant action and, therefore, that count II of the instant action alleging fraud and deceit should be stayed pending the manner of disposition of the prior action presently on appeal in the United States Court of Appeal for the Third Circuit.

## V. CONCLUSION

The court having considered the preliminary objections raised by defendants to plaintiffs' amended complaint is of the opinion that:

1. Count I of plaintiffs' complaint sets forth a

cause of action which is properly characterized as malicious *use* of process;

2. The applicable statute of limitation to the claim of malicious use of process is one year;

3. Based on the facts presented in the plaintiffs' amended complaint Count I is barred by the one-year statute of limitations for malicious use of process;

4. Conspiracy to commit malicious use of process carries with it a statute of limitations which governs malicious use of process, namely, one year;

5. Count III of the plaintiffs' complaint alleging conspiracy to commit malicious use of process, having failed to be filed within the requisite one year period is barred by the applicable statute of limitations; and

6. Count II of the plaintiffs' amended complaint alleging fraud and deceit is substantially similar to a prior proceeding presently before the United States Court of Appeals for the Third Circuit and Count II is therefore stayed pending the manner of disposition of the Federal action.

Defendants' preliminary objection raising the statute of limitations as a bar to count I and count III of plaintiffs' amended complaint is hereby sustained. Count II of plaintiffs' amended complaint is hereby stayed pending the manner of disposition of the appeal presently before the Third Circuit.

## ORDER OF COURT

And now, May 24, 1977, defendants' preliminary objection raising the statute of limitations to count I and count III of plaintiffs' amended complaint is hereby sustained and judgment is hereby entered

for defendants on counts I and III. Count II of plaintiffs' amended complaint is hereby stayed pending the manner of disposition of the Federal action.