EDITH M. NORTHROP v. TOWN OF CLINTON ET AL.

SUPERIOR COURT        MIDDLESEX COUNTY        FILE No. 9245

Memorandum filed February 20, 1946.

*Robinson, Robinson & Cole,* of Hartford, for the Plaintiff.

*Day, Berry, & Howard,* of Hartford, for the Defendants.

INGLIS, J. The substituted complaint to which this demurrer is directed contains two counts. The first count purports to set up a cause of action in conspiracy to deprive the plaintiff of her livelihood as a teacher and principal in the Clinton public schools and the schools of the state. The second count alleges a breach of the contract whereby the plaintiff had been engaged as a teacher in the Clinton school for the school year from September 1, 1944, to July 1, 1945. The parties defendant to the action are (1) the town of Clinton, (2) the board of education of that town, (3) five named individuals who are described in the substituted complaint as being members of that board of education, and (4) an individual who is described in the complaint as being rural superintendent of schools of said town.

The first ground of demurrer is that there has been a misjoinder of causes of action. General Statutes, § 5512, permits the joinder of two causes of action when they are "(7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." It is clear that the causes of action stated in the two counts of this complaint arise out of the same transaction. However, the statute imposes one additional limitation on the joinability of causes of action. That is that "the several causes of action . . . shall affect all the parties to the action." The first count in this complaint, charging, as it does, conspiracy, affects all of the parties to the action. The second count, on the other hand, charging a breach of contract, alleges that the contract was entered into by the board of education and that it was broken by "the defendant." That count, therefore, can affect only the plaintiff and the board of education, plus possibly the town of Clinton. It would not be possible to render

a judgment on that count, at least as it now stands, against any of the individual defendants as such. Accordingly, inasmuch as the second count does not affect some of the parties to the action who are affected by the first count, it is not permissible to join it with the first count. It is true that the demurrer, in stating this ground, does not specifically state that the complaint is defective in that both counts do not affect the same parties. It does, however, complain of a misjoinder of causes of action in general terms. In the argument, counsel for both parties discussed the question whether there had been a misjoinder for that reason. On the whole, therefore, it is proper to place the decision of the demurrer on that irregularity. The demurrer on the ground of misjoinder is well taken.

The second ground of demurrer is addressed to the first count of the substituted complaint, the count which charges conspiracy. The substance of the demurrer is that it does not appear that the alleged combination had any unlawful object because it was not formed to deprive the plaintiff of any legal right. The complaint alleges that it was the purpose of the conspiracy to deprive the plaintiff of her livelihood as a teacher by forcing her resignation as a teacher, by making it impossible for her to perform her contract and by bringing about her dismissal on unwarranted charges of incompetence and misconduct. Among the overt acts charged are that the conspirators published threats to press unwarranted charges against her if she did not resign; without justification voted to abolish the position which she held and to demand her keys to the school; falsely accused her in the public press of incompetency and unprofessional conduct; through the rural superintendent of schools notified the state board of education that he would not recommend the renewal of her teacher's certificate, although she was entitled to such a recommendation, and thereby prevented such a renewal; and terminated her contract to teach for the school year 1944-1945 on the ground that her certificate had not been renewed, well knowing that she was entitled to such a renewal. The contention of the defendants is that all of this alleges no violation of the plaintiff's legal rights because she had no teacher's certificate for the year 1944-1945 and had no vested right to teach.

The argument of the defendants is fallacious. It is, of course, true that no person has a vested or even a legal right to teach in the public schools without a teacher's certificate. General Stat-

utes, Cum. Sup. 1935, § 236c; General Statutes, § 886. Any-one, however, has the legal right to apply for such a certificate and, if he meets the requirements, to receive it. Any other per-son who prevents the issuance of such a certificate to him by malicious and false representations has done him a legal wrong. *Wildee* v. *McKee,* 111 Pa. 335. Such a wrong is of the same nature as that known as unlawful interference with business. *Goldman* v. *Feinberg,* 130 Conn. 671. Accordingly, even though the plaintiff's contract for the school year 1944-1945 was invalid because she had no teacher's certificate, if the con-spiracy accomplished its purpose by illegally preventing her from obtaining such a certificate her legal rights were thereby infringed.

Moreover, the allegation of the complaint is that the defend-ants conspired to prevent her from fulfilling her end of the contract and accomplished that by various means such as threat and misrepresentations. This clearly is an unlawful purpose ac-complished by unlawful means. Accordingly, this count of the complaint states a good cause of action for conspiracy in so far as it states both an unlawful purpose and unlawful means. It can make no difference that it is not alleged that the activities of the defendants were not for the best interests of the schools. It is alleged that the defendants acted maliciously. An unlawful conspiracy which violates the rights of an individual is not made lawful simply because its purpose may be ultimately to bring about a result which is of advantage to the general public. The second ground of demurrer is not well taken.

The third, fourth, fifth, sixth, seventh, eighth and ninth grounds of demurrer are each directed at a single paragraph of the complaint. They are therefore improper. Practice Book, § 97.

The tenth ground of demurrer is addressed to the second count of the complaint, which alleges a breach of the contract whereby on April 12, 1944, the plaintiff was engaged as a teacher for the school year 1944-1945. The basis of the demur-rer is that it does not appear that on April 12, 1944, the plain-tiff had a teacher's certificate for the year 1944-1945 nor that, on the opening of school in September, she had such a certifi-cate. It does appear upon oyer that the plaintiff was issued a teacher's certificate on June 2, 1925; that that certificate had been renewed from time to time so that it was continuously in

effect until July 1, 1944, and that on March 13, 1945, it was renewed for the period from July 1, 1944, to July 1, 1945. There is no allegation in this count as to when the plaintiff was first hired as a teacher in Clinton. She must therefore be considered as a "new teacher" so as to come within the terms of § 236c, Cum. Sup. 1935, which was first adopted in 1931 (Cum. Sup. 1933, § 206b). That section provides: "No new teacher, principal, supervisor, supervising agent or school superintendent shall be employed in any of the schools of any town unless he shall possess an appropriate state certificate, nor shall any of such persons be entitled to any salary unless he can produce such certificate dated previous to the opening of his school. . . ." Section 886 of the General Statutes is substantially of the same effect.

Under these statutes it is not required that, at the time of hiring, the teacher have a certificate for the school year for which he is hired. All that he need have at that time is "an appropriate state certificate." Appropriate means appropriate to the position for which he is engaged, whether it be teacher, principal or supervisor, etc. It clearly does not mean appropriate to the particular year for which he is to teach, because if it did there would be no necessity for the second part of the statute, which prohibits the payment of salary unless the teacher can produce such a certificate dated previous to the opening of the school. What the statutes in question contemplate is that at the time of hiring the teacher must have a certificate covering that time, and that, before school opens, he must get a certificate good for the school year for which he is to collect his salary.

That being true, it is apparent that the contract of hiring in this case was not invalid ab initio on the ground claimed by the defendants. At the time the contract was entered into the plaintiff had an appropriate certificate.

So far as the second part of the defendants' contention is concerned, i. e., that the plaintiff had no certificate at the opening of the school year, that is a matter of performance of the plaintiff's end of the contract. The complaint alleges in general terms that she offered to perform her end of the contract. If, in any particular, she failed to perform, it is a fundamental rule of pleading that the defendants must affirmatively specify that particular in their answer. *Sortito* v. *Prudential Ins. Co.,* 108 Conn. 163, 168; *Xanthakey* v. *Hayes,* 107 Conn. 459, 465.

The general allegation of performance in the complaint protects it from demurrer on the ground that the plaintiff failed to comply with one of the conditions of the contract. On the present state of the pleadings it is not necessary to pass upon the contention made by the plaintiff that by preventing her from complying with that condition of the contract the defendants relieved her of the obligation to do so.

The demurrer is sustained on the first ground stated and is overruled as to all other grounds.