[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES AND COUNTERCLAIMS
FACTUAL BACKGROUND
The plaintiff, Builders Hardware (hereinafter Builders) brings a three count complaint against Eastern Building Contractors (hereinafter Eastern) for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. The plaintiff alleges that these claims arose out of an arrangement whereby Builders furnished goods and supplies pursuant to a contract with the defendant, the general contractor. Builders further alleges that these goods were actually used by a subcontractor, Simon Construction Company (hereinafter Simon), which is not a party to this action and is not amenable to suit.
Eastern asserts ten special defenses which are not directed to specific counts, as well as an amended two count counterclaim. The defenses and amended counterclaim allege that the parties agreed that Simon would be substituted as obligor for the amount the defendant owed under the contract.
In its demand for relief the plaintiff seeks damages, interest, costs, attorney's fees, and any other fair and equitable relief.
The plaintiff moves to strike special defenses 1, 2, 3, 4, 6, 7, 8, 9 and 10, as well as the amended counterclaim on the grounds of legal insufficiency.
As required by Practice Book 155, the plaintiff has filed a memorandum of law in support of its motion to strike. The defendant has filed a memorandum of law in opposition to plaintiff's motion to strike.
LAW AND CONCLUSIONS
The motion to strike is properly used to test the legal sufficiency of the pleadings, Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988), including any counterclaim or special defense. Practice Book 152. A motion to strike must rest wholly on the factual allegations in the pleaing and may not contain affirmative facts which could only be proved by evidence. Liljedahl Bros. Inc. v. Grigsby,215 Conn. 345, 348 (1990).
Each motion to strike raising any claim of legal insufficiency shall separately set forth the reasons for each claimed insufficiency. Practice Book 154, Malerba v. Cessna Aircraft Co., 210 Conn. 189, 191 n. 2 (1989). CT Page 4787
All well-pleaded facts must be construed in the manner most favorable to the non-moving party. Blancato v. Feldspar Corp.,203 Conn. 34, 36 (1987). In ruling on the motion, the court is limited to the grounds specified in the motion. Id. at 44. If the facts provable under the allegations would support a claim, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
FIRST AND SECOND SPECIAL DEFENSES
Plaintiff moves to strike the first and second special defenses, both of which set forth a defense of equitable estoppel but are based on different fact patterns. Plaintiff argues that the defendant's allegations have not met the required elements for a defense of equitable estoppel. The defendant argues that the allegations, if proven, would show equitable estoppel.
 There are two elements which must be established in order to find an estoppel: one party must do or say something that is intended or calculated to induce another into believing in the existence of certain acts and to act upon that belief and the other party must thereby actually change his position or do some act to his injury which he would otherwise not have done. Estoppel rests in the misleading conduct which results in prejudice to the other and absent such prejudice an estoppel cannot exist.
John F. Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71,85 (1984).
In the first special defense, the defendant claims that the plaintiff billed Simon for the amounts now in dispute, without being requested to do so, and that caused Eastern to assume it was no longer liable and, in reliance, Eastern failed to insure that Simon would pay.
In the second special defense, Eastern alleges that Builders indicated that it had released Eastern and substituted Simon as obligor; that the plaintiff failed to inform the defendant that Simon was not paying in a timely manner; and that the defendant relied on these representations.
These facts, if true, would show misleading conduct resulting in prejudice in both the first and second special defenses. Therefore, the motion to strike is denied as to the first and second special defenses.
THIRD SPECIAL DEFENSE CT Page 4788
In the third special defense, the defendant claims it paid the disputed amount to Simon. The plaintiff argues that even if this allegation were proven, it would not alter the legal obligations of the parties.
Payment may properly be asserted as a special defense. Thompson Peck, Inc. v. Harbor Maine Contracting Corp.,203 Conn. 123, 132 (1987). Therefore, the motion to strike the third special defense is denied.
FOURTH SPECIAL DEFENSE
In the fourth special defense, the defendant Eastern claims that any contract between the plaintiff and defendant was modified so as to absolve the defendant of financial liability and to substitute a third party, Simon, as obligor.
The plaintiff argues the failure to allege that the modification was in writing is fatally defective because Connecticut law and Article Two of the Uniform Commercial Code require modifications to he in writing.
A modification of a contract for the sale of goods needs no independent consideration. General Statutes 42a-2-209. A modification to a written contract may be oral. Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 343, 347 (1966); Hess v. Dumonchel Paper Co., 154 Conn. 343, 347 (1966). The statute of frauds does not prevent a subsequent oral agreement modifying a written contract after the contract has been executed. Blakeslee v. Water Commissioners, 121 Conn. 163, 182 (1936); McKenna v. Woods, 21 Conn. App. 528, 533 (1990).
The allegation that the contract was modified raises a legally sufficient special defense. Therefore, the motion to strike the fourth special defense is denied.
SIXTH SPECIAL DEFENSE
In the sixth special defense, the defendant argues that the Statute of Frauds bars the plaintiff from claiming any promise by the defendant to answer for Simon's debt. In its memorandum supporting its motion to strike, the plaintiff does not address this issue, but argues that the agreement to answer for Simon's debt is not within the Statute of Frauds, because the sales contract is in writing.
 No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the CT Page 4789 party, or the agent of the party to be charged: . . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another
General Statutes 52-550.
"Any undertaking by a party . . . for the purpose of securing, or for performance of, a duty, for which the party for whom the undertaking is made . . . is a special promise to answer for the debt . . . of another and is within the Statute of Frauds." Paul Kovacs Co. v. Blumgarten, 150 Conn. 8, 11
(1962). Huckabee v. Stevens, 32 Conn. Sup. 511, 513 (1975).
Any alleged agreement by the defendant to answer for Simon's debt to the plaintiff would come within this provision of the Statute of Frauds, requiring a writing. The sixth special defense is legally sufficient and the motion to strike is, therefore, denied.
SEVENTH SPECIAL DEFENSE
Builders moves to strike the seventh special defense of laches, arguing that Eastern has failed to allege facts that would amount to unexcusable delay and prejudice. Eastern has alleged in this special defense that Builders did not inform Eastern that Simon did not pay the invoices when billed, which thereby caused Eastern to fail to secure payment. Eastern contends that the foregoing allegations state a claim of laches.
 Laches consists of two elements. First there must have been a delay that was inexcusable and, second delay must have prejudiced the [other party] . . . for example, the defendant is led to change his position with respect to the matter in question. A conclusion that a plaintiff has been guilty of laches is one of fact. (citations omitted).
Papcun v. Papcun, 181 Conn. 618, 620-21 (1980); See also Dunaham v. Dunham, 204 Conn. 303, 327 (1987).
The above mentioned facts, if proven, would warrant a finding of unreasonable delay that prejudiced the defendant. Therefore, the motion to strike the seventh special defense is denied.
EIGHTH SPECIAL DEFENSE
In the eighth special defense, the defendant argues that the plaintiff has breached the implied duty of good faith and CT Page 4790 fair dealing imposed by General Statutes 42a-1-203. Because this claim is identical to the one asserted in the first count of the amended counterclaim, this claim with respect to the plaintiff's motion to strike will be discussed in the portion of this opinion dealing with that counterclaim.
NINTH SPECIAL DEFENSE
In the ninth special defense, the defendant Eastern claims that the plaintiff Builders delivered the goods in question to a third party. Such a claim, if proven true, would amount to breach of contract and present a viable special defense. See Northrup v. Town of Clinton, 14 Conn. Sup. 28, 32 (1946). (It is a fundamental rule of pleading that the defendant must affirmatively specify plaintiff's non-performance in the answer).
Therefore, the motion to strike is denied as to the ninth special defense.
TENTH SPECIAL DEFENSE
In the tenth special defense, the defendant alleges that the plaintiff's own breach, to wit, failure to bill in accordance with the terms of the contract, bars its recovery. The plaintiff argues that no billing procedure was violative of the contract.
It is a fundamental rule of pleading that the defendant may raise the claim of breach of contract in a special defense. See Northrup v. Town of Clinton, supra, 32.
The plaintiff's argument relies on conjectural discussions of the parties' intent which are outside the contested pleading. (Plaintiff's memorandum at pp. 10-11). As such, it is a speaking motion to strike and improper. Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719 (1981).
The motion to strike the tenth special defense is denied.
FIRST COUNT OF THE AMENDED COUNTERCLAIM AND EIGHTH SPECIAL DEFENSE
Builders moves to strike count one of the counterclaim and the eighth special defense which allege a breach of the implied covenant of good faith and fair dealing pursuant to General Statutes 42a-1-203. Builders argues that Eastern failed to allege the existence of a contract or business relation and an economic loss. Builders also argues that it was under no duty to report Simon's non-payment to Eastern. Eastern argues that CT Page 4791 its allegation of breach of good faith and fair dealing raises the issue of the circumstances surrounding performance which may not be determined on a motion to strike.
Connecticut recognizes a cause of action for the breach of the implied covenant of good faith and fair dealing. Hydro Air of Connecticut, Inc. v. Versa Technologies, 599 F. Sup. 1119,1125 (D.Conn. 1984); Magnan v. Anaconda Industries, Inc.,192 Conn. 558, 566 (1984).
"[T]o constitute a breach of the implied covenant of good faith, the conduct . . . must constitute an aspect of fraud, deceit, or misrepresentation." Magnan v. Anaconda Industries, Inc., 37 Conn. Sup. 38, 41 (1980). In the first count of the amended counterclaim, the defendant alleges that Builders induced Eastern to sign a writing that was not intended to be a full and final expression of their agreement." Such an act satisfies the elements of fraud, as stated in Miller v. Appelby,183 Conn. 51, 54-55 (1981), (pleadings must show a false representation, known to be untrue, made to induce another to act on it, and that the latter so acted to his injury).
Therefore, the defendant has alleged facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. The motion to strike the first count of the amended counterclaim and the eighth special defense is denied.
SECOND COUNT OF THE AMENDED COUNTERCLAIM
The plaintiff moves to strike the second count of the amended counterclaim on the grounds that the defendant has failed to state a claim for tortious interference with contractual relations. However, in this count the defendant claims intentional interference with contractual relations. These are two distinct causes of action. Robert Sweiss 
Associates, Inc. v. Wiederlight, 208 Conn. 525, 536 (1988). Therefore, the motion to strike the second count of the amended counterclaim is denied.
In summary, the plaintiff's motion to strike is denied as to special defenses 1-4 and 6-10, as well as counts one and two of the amended counterclaim.
FREED, JUDGE