[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT ANDSUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT #158 #186
The defendants Town of Oxford and Oxford Water Control Authority have moved for summary judgment in their favor on the plaintiff's complaint setting forth a number of bases therefore. CT Page 9869
Initially, the defendants have asserted that they are entitled to judgment in their favor on the grounds that the plaintiffs failed to allege the necessary elements so as to allege a civil conspiracy, that this action is barred by the statute of limitations, and by the doctrine of governmental immunity.[1] In a supplemental motion for summary judgment the defendants have asserted as a further basis for summary judgment that the plaintiff's damages, in this action have been previously determined in two previous taking cases and that they have been fully compensated therefor.
With respect for the first argument set forth by the defendants, they claim that the first count of the complaint which alleges a conspiracy on the part of the defendants and the defendant DEP fails to allege the necessary elements of a civil conspiracy. The plaintiffs claim that they have alleged the requisites of such a claim.
"The contours of `a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.'" Marshak v. Marshak, 226 Conn. 652, 665 (1993), quoting Williams v. Maislen, 116 Conn. 433, 437 (1933). "`[T]here is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself.'" Marshak v.Marshak, supra, 226 Conn. 669, quoting Cole v. AssociatedConstruction Co., 141 Conn. 49, 54 (1954).
It is the claim of the defendants that `[t]he [P]laintiffs have not alleged nor can support a criminal or unlawful act or a lawful act by criminal or unlawful means." (Defendant's memorandum, p. 4). In opposition, the plaintiffs claim that "[t]he unlawful act on [the] part of the defendant Town of Oxford was its clandestine agreement to succumb to the unlawful condition imposed by the DEP to obtain by whatever means necessary ownership of the Solberg Bridle Trial for its purported use as a sewer route and then turn over its ownership or a permanent easement thereon to the DEP for use as a public bridle trail. The unlawful means was to do so without a public hearing or other notice to the plaintiff defining the real and surreptitious as opposed to the purported purpose of routing the sewer line over the Solberg Bridle Trail." (Plaintiff's memorandum, p. 11). CT Page 9870
In their second amended complaint, the plaintiffs allege that the "[d]efendants Town, Sewer Authority and DEP wrongfully and in breach of their public trust withheld and concealed from the plaintiffs the fact that the parties had clandestinely, surreptitiously, and wrongfully agreed to formulate a sewer construction plan that was based principally upon the fervent desire of the DEP to acquire effective ownership of the Solberg Bridle Trail, or at least to destroy the economic value of thatproperty or reduce it to a nominal amount so that the State could,if necessary, condemn it for permanent equestrian purposes bypayment of a nominal amount therefor." (emphasis added).
In support of the allegations of the complaint, and in opposition to the motion for summary judgment, the plaintiffs have submitted the affidavit of the plaintiff, Ernest Solberg, and other documentary evidence from which they claim the trier of fact could find proven, the above claims.
Of course the issue remains as to whether such allegations, even if proven, support a cause of action grounded in civil conspiracy so as to entitle the plaintiffs to maintain this action.
In Board of Commissioners of State Institutions v. TallahasseeBank and Trust Co., 108 So.2d 74 (Fla. 1958), property owners alleged that the city and board "actively collaborated in the planning and passage of. . . zoning restrictions for the specific purpose of limiting all privately owned property within the Capitol Center area to residential uses." Id. 77. A prime objective being "the prevention of the construction of valuable improvements which would increase the cost of acquisition by the State at such times as it might seek to take the property for State purposes." Id.
The court in Board of Commissioners, stated that it was "not inclined to commend an arbitrary exercise of the police power by one branch of government in order to pave the way for a less expensive exercise of the power of eminent domain by another branch to the detriment of the private property owner. Even when adorned with a mantle of civic improvement [the court] cannot conceive of a policy of government afflicted with greater potentials for abuse of the private citizen. The only difficulty with the desires of all the officials as well as the effort they put forth to effectuate their wishes, simply was that out of their ambition to construct an attractive Capitol Center that would be a credit to all of Florida they imposed upon certain private property owners in the involved CT Page 9871 area the burden of suffering what amounted to an arbitrary and unreasonable restraint on the use of their property." Id., 85.
Likewise, in Connecticut, "[a]n unlawful conspiracy which violates the rights of an individual is not made lawful simply because its purposes may be ultimately to bring about a result which is of advantage to the general public. "Northrup v. Town ofClinton, 14 Conn. Sup. 28, 31 (Supr. Ct. 1946).
It appears to this court, as in Board of Commissioners that if the plaintiffs are able to prove their allegation under the allegations of the complaint, construed in their favor, such allegations sufficiently state the second element necessary for a civil conspiracy, i.e., that the defendants committed a criminal or an unlawful act or a lawful act by criminal or unlawful means.
The defendants have also moved for summary judgment on the grounds that the plaintiffs' action is barred by Connecticut General Statute, § 52-584 which requires that an action grounded in negligence, or reckless or wanton misconduct must be brought within two years of when an injury is first sustained or discovered. The plaintiffs have agreed to withdraw all negligence claims and argue that the three years statute of limitations applies under Connecticut General Statute § 52-577. They also rely on Connecticut General Statute § 52-593a and the affidavit of Ernest Solberg stating that he delivered suit papers to the Sheriff on May 31, 1991.
The court cannot grant the defendants' motion for summary judgment on the ground set forth, i.e., the applicability of §52-584 since the plaintiff has agreed to withdraw all negligence claims. However, the court by so ruling is not precluding the defendants from raising, by appropriate motion, or at the time of trial, the issue of the statute of limitations insofar as it may pertain to § 52-577 and § 52-593a of the Connecticut General Statutes.
As regards the issue of governmental immunity, the court also conditions its ruling on the plaintiffs' representations that all negligence claims will be withdrawn. That being the case, where the action is grounded in malice, wantonness or intent to injure, rather than negligence, the doctrine of governmental immunity is not applicable. Shore v. Stonington, 187 Conn. 147, 155 (1982). An action in civil conspiracy based upon the allegations of the plaintiffs in this case would appear to fall within that framework. CT Page 9872
Finally, the defendants claim that they are entitled to summary judgment by virtue of damages received by them in two proceedings against the Town of Oxford. The first action is an appeal from condemnation proceedings instituted by the Town, and the second is an inverse condemnation action.
A review of the documents filed both in support of, and in opposition to the motion for summary judgment, relating to this issue reveal that there exist factual issue as to whether the damages claimed in this action are the same, in whole or in part, as those are awarded in the prior "taking" cases. Additionally, in this action there is a claim for punitive damages which was not a part of the prior cases. These issues relating to the nature of the damages sought in this case are more properly considered at the time of trial.
Therefore, the defendants' motion for summary judgment and supplemental motion for summary judgment are denied on the condition that the plaintiffs file a substitute complaint, forthwith, withdrawing their negligence claims.
THOMPSON, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9878